DECISION AND JUDGMENT ENTRY
{¶ 1} Jeremie Nutt ("Appellant") appeals the judgment of the Ross County Court of Common Pleas finding him guilty of failure to comply with an order or signal of a police officer under R.C. 2921.331. The Appellant contends that the trial court erred when it accepted his guilty plea, which he argues was not made knowingly, voluntarily, or intelligently. Because we find that the trial court complied with the constitutional and procedural *Page 2 
safeguards contained within Crim.R. 11, we affirm the judgment of the trial court.
 {¶ 2} On May 23, 2006, Sergeant Large of the Chillicothe Police Department, began a pursuit of a green Mustang. Sergeant Large attempted to execute a traffic stop on the vehicle. The driver of the Mustang, however, refused to pull over. At one point during the pursuit, Sergeant Large was able to identify the Appellant as the driver of the Mustang, as he had prior encounters with the Appellant. The pursuit continued for approximately fourteen minutes, until the Mustang drove down an embankment. At that point, Sergeant Large lost track of the Mustang. The Mustang was found shortly thereafter abandoned on a private drive.
 {¶ 3} On July 3, 2006, the Appellant was arraigned on one count of failure to comply, a felony of the third degree, in violation of R.C.2921.331. The Appellant entered a plea of not guilty. Trial on the matter commenced on August 16, 2006. During the trial, the Appellant changed his plea to guilty. Subsequently, the court sentenced the Appellant to three years in prison and a ten-year driver's license suspension. It is from this decision that the Appellant presently appeals, asserting the following assignment of error:
 {¶ 4} 1. THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA, WHICH WAS NOT *Page 3 
MADE KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY.
 {¶ 5} The Appellant contends that the trial court erred when it accepted his guilty plea, because the plea was not made knowingly, voluntarily, or intelligently. In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must review the record to ensure that the trial court complied with the constitutional and procedural safeguards contained within Crim.R. 11. State v. Kelley (1991), 57 Ohio St.3d 127, 128,566 NE.2d 658 ("[W]hen a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed."); see, also, State v. Carter (1979),60 Ohio St.2d 34, 396 NE.2d 757.
 {¶ 6} Under CrimR. 11(C)(2), the trial court shall not accept a guilty plea without first addressing the defendant personally and: "(a) determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing; (b) informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon *Page 4 
acceptance of the plea, may proceed with judgment and sentence; and (c) informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." State v. Hamilton, Hocking App. No. 05CA4, 2005 WL2592694,2005-Ohio-5450, at ¶ 9.
 {¶ 7} The purpose of Crim.R. 11(C) is "to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981),66 Ohio St.2d 473, 479-80, 423 N.E.2d 115. The trial court need not recite the exact language of CrimR. 11(C) when informing a criminal defendant of his or her constitutional rights. Instead, we will affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained "in a manner reasonably intelligible to that defendant," the constitutional rights the defendant waives by pleading guilty. Id., paragraph two of the syllabus.
 {¶ 8} A trial court's failure to adequately inform a defendant of his constitutional rights invalidates a guilty plea under a presumption that it was *Page 5 
entered involuntarily and unknowingly. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12. On the other hand, the failure to comply with non-constitutional rights will not invalidate a plea unless the defendant suffered prejudice. Id. The test for prejudice is "`whether the plea would have otherwise been made."' Id. (quotingState v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474).
 {¶ 9} Knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent and voluntary plea. But, Crim.R. 11(C)(2)(a) requires the trial court to explain to a defendant "the nature of the charge and of the maximum penalty involved." State v.Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684 (overruled on other grounds by State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989,817 N.E.2d 393), citing State v. Johnson (1988), 40 Ohio St.3d 130, 133,532 N.E.2d 1295. "[A] defendant must know the maximum penalty involved before the trial court may accept his guilty plea." State v. Corbin
(2001), 141 Ohio App.3d 381, 386-387, 751 N.E.2d 505, citing State v.Wilson (1978), 55 Ohio App.2d 64, 379 N.E.2d 273; State v. Gibson
(1986), 34 Ohio App.3d 146, 517 N.E.2d 990.
 {¶ 10} In the case sub judice, the trial court judge informed the Appellant pursuant to Crim.R. 11(C)(2)(c) at the change of plea hearing that *Page 6 
he was waiving the right to jury of twelve people, the right to confront and cross-examine witnesses at trial, the right to subpoena witnesses and have them testify for him at trial, the right to have his guilt proven beyond a reasonable doubt, and the right against self-incrimination. The Appellant readily acknowledged each of these terms.
 {¶ 11} Additionally, the trial court judge pointed out to the Appellant the information that needed to be corrected on the plea form regarding license suspension for the Appellant's full understanding. The trial court judge informed the Appellant that a guilty plea to a failure to comply charge carried a license suspension of somewhere between three years to life. When the trial court judge informed the Appellant of this correction to the plea form, the Appellant indicated that he understood. The Appellant, who appeared with counsel, also informed the trial court at the plea hearing that he understood the penalties involved and the effect of the guilty plea when the trial court judge inquired about these matters.
 {¶ 12} As discussed supra, a guilty plea is valid if a trial court substantially complies with the language of CrimR. 11(C)(2)(a) and (b).Nero, supra, at 108. Substantial compliance means that, under the totality of the circumstances, a defendant subjectively understands the implications of his guilty plea and the rights that he is waiving. Id. In light of these rules *Page 7 
and the facts set forward supra, we find that the Appellant understood his guilty plea and the rights he waived. Additionally, the Appellant has not met his burden of demonstrating a prejudicial effect, i.e., that the plea would have otherwise been made. As such, we determine that the Appellant's guilty plea was made knowingly, voluntarily, and intelligently. Accordingly, we uphold the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
 Abele, J.: Concurs in Judgment Only. *Page 1