[Cite as *State v. Cooper*, 2011-Ohio-6890.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 11CA15 |
| v. | : | |
| | : | DECISION AND |
| Craig Cooper, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: December 23, 2011 |

_____

APPEARANCES:

Richard H. Hedges, Athens, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Sabrina J. Ellis, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}** Craig Cooper appeals the judgment of the Athens County Court of Common Pleas, which convicted him of four felonies following Cooper's pleas of no contest. Cooper contends that the trial court abused its discretion when it denied his motion to withdraw his no contest pleas. Because the record demonstrates that Cooper's request to withdraw his pleas was essentially based on a change of heart, we disagree. Cooper next contends that he did not enter his pleas voluntarily, knowingly, or intelligently. Because the record shows that, based on the totality of the circumstances, Cooper's pleas were entered into voluntarily, knowingly, and intelligently, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

{¶2}   On May 10, 2010, a grand jury issued a six-count indictment against Cooper.  The indictment included two counts of kidnapping, one count of abduction, one count of aggravated burglary, one count of burglary, and one count of grand theft.  During the pretrial process, Cooper received two competency evaluations, and he was judged competent to stand trial.

{¶3}   On May 11, 2011, the trial court held a pretrial hearing where the parties and the trial court discussed the subject of plea negotiations.  Cooper indicated that he did not want to plead guilty.  Because a plea deal was not reached, the trial court scheduled another pretrial hearing for May 16, 2011.  The trial court also scheduled the trial to begin on May 17, 2011.

{¶4}   At the May 16, 2011 pretrial hearing, the parties announced that they had reached a plea agreement.  Cooper agreed to plead no contest to four of the six charges in the indictment, and the state agreed to dismiss the remaining two counts.  The state also recommended a six-year prison sentence (with approximately fifteen months of jail-time credit).  Cooper faced a possible thirty-one years and six months in prison if he lost at trial.  The trial court explained to Cooper the rights he was waiving by pleading no contest.  After the trial court asked Cooper whether he understood that he was waiving his jury trial rights, the following exchange ensued:

{¶5}   "[Cooper]: I'll be honest with you.  I don't understand any of this.  But I signed it so I'll stand by it.  But I don't understand none of it.

{¶6}   "[Court]: You've never seen a trial before?

{¶7}   "[Cooper]: Look, I really just want to get this over with.  I really do.

{¶8}   "[Court]: I have to ask if you understand that you're waiving those rights.

**{¶9}** "[Cooper]: I don't. I don't understand this whole turd hunt. I don't.

**{¶10}** "[Court]: The decision that you made with [defense counsel's] input –

**{¶11}** "[Cooper]: I know. I'm pleading no contest to four years nine months left on my sentence. Do I understand it? No. Do I understand why I was over-indicted? No. I guess you throw enough at the wall you get something to stick. I felt like I got bullied into this. And that's fine. We'll go with that.

**{¶12}** "[Defense Counsel]: Do you understand that you're giving up your jury trial right?

**{¶13}** "[Cooper]: Yeah. I understand I'm giving up my jury trial rights.

**{¶14}** "[Court]: Is this decision that you've reached a voluntary one?

**{¶15}** "[Cooper]: My lawyer's telling me we'll lose. So I don't consider that voluntary.

**{¶16}** "[Court]: Well I said earlier that voluntary didn't –

**{¶17}** "[Cooper]: Thirty one, four and a half. You tell me. When my lawyer tells me we're going to lose.

**{¶18}** "[Court]: It doesn't mean it's something you wanted to do. It meant it was something you thought was the best option.

**{¶19}** "[Cooper]: Yeah.

**{¶20}** "[Court]: That's a yes?

**{¶21}** "[Cooper]: Yes." May 16, 2011 Tr. 7-8.

**{¶22}** Shortly thereafter, the trial court accepted Cooper's pleas of no contest to four-of-the-six counts in the indictment. The court then scheduled a sentencing hearing for May 20, 2011.

{¶23} The trial court held a sentencing hearing for Cooper on May 20, 2011. At the hearing, Cooper moved to withdraw his no contest pleas. Cooper claimed that he was "bullied" into accepting the plea deal. Cooper also noted that, prior to entering his pleas, he had stated that he did not "understand any of this." May 20, 2011 Tr. at 3. After listening to Cooper's arguments, the trial court denied Cooper's motion to withdraw his pleas. The trial court then sentenced Cooper to two six-year terms for two counts, which Cooper was to serve concurrently (with credit for approximately fifteen months of jail time served). For the two other counts, the trial court ordered Cooper to serve five years of community control. Finally, the remaining two counts were dismissed. (The trial court's sentence was consistent with the terms of the plea deal.)

{¶24} Cooper appeals and asserts the following two assignments of error: I. "The Trial Court erroneously denied the Appellant's motion to withdraw his former plea prior to sentencing as authorized under Crim.R. 32.1, constituting an abuse of discretion." And, II. "The Trial Court erred in accepting Defendant's plea as it was not voluntarily, knowingly, and intelligently entered in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 and 10, of the Ohio Constitution."

## II.

{¶25} In his first assignment of error, Cooper argues that the trial court erred when it denied his Crim.R. 32.1 motion to withdraw his no contest pleas prior to sentencing.

{¶26} "[T]he decision whether to grant a Crim.R. 32.1 motion to withdraw a plea lies in a trial court's sound discretion and should not be reversed absent an abuse of

that discretion." *State v. Nickelson*, Lawrence App. No. 10CA21, 2011-Ohio-1352, at ¶7, citing *State v. Xie* (1992), 62 Ohio St.3d 521, at paragraph two of the syllabus.  "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *State v. Adams* (1980), 62 Ohio St.2d 151, 157.

**{¶27}**  Under Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  We note that a presentence motion to withdraw a no contest plea should "'be freely allowed and treated with liberality[.]'"  *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, quoting *Barker v. United States* (C.A.10, 1978), 579 F.2d 1219, 1223.  However, "[a] defendant does not have an absolute right to withdraw a [no contest] plea prior to sentencing.  A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."  *Xie* at paragraph one of the syllabus.  For example, "[a] change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea."  *State v. Hoke*, Lawrence App. No. 10CA32, 2011-Ohio-1221, at ¶13.

**{¶28}**  "[I]n determining whether a trial court abuses it's discretion in denying a motion to withdraw a pre-sentence [no contest] plea, we consider the following factors: '(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and

fair consideration to the motion.'" *State v. Campbell*, Athens App. No. 08CA31, 2009-Ohio-4992, at ¶7, quoting *State v. McNeil* (2001), 146 Ohio App.3d 173, 176; see, also, *Hoke* at ¶13; *State v. Gibbs*, Ross App. Nos. 10CA3137 & 10CA3138, 2010-Ohio-2246, at ¶9. "Other considerations include: (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges." *Hoke* at ¶13 (citations and internal quotation marks omitted).

**{¶29}** Cooper first argues that he was not represented by highly competent counsel. "Generally, a properly licensed attorney practicing in this state is presumed to be competent." *State v. Brandon*, Portage App. No. 2009–P–0071, 2010-Ohio-6251, at ¶19, citing *State v. Lytle* (1976), 48 Ohio St.2d 391, 397. But here, Cooper presents little, if any, evidence to rebut this presumption. Cooper merely points to the fact that he sought to represent himself as evidence that his defense counsel was not highly competent. The only reason apparent from the record for Cooper's desire to represent himself at trial is Cooper's statement that "[my defense counsel] has said he's done all he can do for me." May 11, 2011 Tr. at 6. This statement, however, was clearly in reference to the plea negotiations. Cooper's defense counsel stated that he was more than willing to represent Cooper at trial if Cooper refused to accept a plea deal. Simply put, Cooper has failed to demonstrate that his counsel was not highly competent.

**{¶30}** Cooper claims that the trial court did not provide a proper hearing regarding his motion to withdraw his pleas of no contest. Cooper notes that the motion to withdraw was raised at his sentencing hearing, and, therefore, his "'motion hearing'

was in combination with the Sentencing." Appellant's Brief at 11. However, a "trial court's inviting and hearing oral arguments on a motion to withdraw a [no contest] plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion." *State v. Burnett*, Montgomery App. No. 20496, 2005-Ohio-1036, at ¶20 (internal quotation omitted); see, also, *State v. Freeman*, Lucas App. No. L-09-1086, 2010-Ohio-1357, at ¶50; *State v. Hairston*, Franklin App. Nos. 07AP-160 & 07AP-161, 2007-Ohio-5928, at ¶27. Here, the trial court invited arguments regarding Cooper's desire to withdraw his pleas. Furthermore, the record demonstrates that Cooper had the opportunity to argue in support of his motion and that the trial court gave full and fair consideration to the motion. Therefore, we find that the trial court provided a proper hearing on Cooper's motion to withdraw his no contest pleas.

{¶31} Cooper also argues that the trial court should have allowed him to withdraw his pleas for the following reasons: (1) his pleas were involuntary and (2) he did not understand the nature or consequences of his pleas. To support this argument, Cooper points to the fact that he frequently told the trial court that he did not "understand" what was going on. Cooper's argument, however, misstates the context of what he said to the trial court. For example, Cooper's statements that he did not understand "this whole turd hunt" or why he was "over indicted" do not demonstrate a lack of understanding of the nature of the charges he faced. Instead, these statements demonstrate Cooper's frustration with his predicament – i.e., having to either plead no contest to four counts or go to trial on six counts. Furthermore, as we find in our resolution of his second assignment of error, Cooper entered his pleas voluntarily, knowingly, and intelligently. Therefore, as it relates to Cooper's Crim.R. 32.1 motion,

we cannot find an abuse of discretion based on either involuntariness or a lack of understanding.

**{¶32}** Finally, Cooper claims that he was "bullied" into accepting his plea deal. As a result, Cooper argues that the trial court should have granted his motion to withdraw his pleas. (We will discuss Cooper's claim of being bullied further in connection with his second assignment of error.) Cooper's combative exchange with the trial court is insufficient to prove that he was bullied into accepting the plea deal. And Cooper has not provided any evidence to demonstrate that he was bullied. As a result, we cannot find an abuse of discretion related to Cooper's Crim.R. 32.1 motion based on any alleged bullying.

**{¶33}** Cooper does not advance any other arguments based on the motion-to-withdraw factors. Nevertheless, our review of the record demonstrates that none of the factors weigh in favor of finding an abuse of discretion. Essentially, the record demonstrates that Cooper had a change of heart about his pleas. And "[a] change of heart * * * about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea." *Hoke* at ¶13. Therefore, we find that the trial court did not abuse its discretion when it denied Cooper's motion to withdraw his no contest pleas. Accordingly, we overrule Cooper's first assignment of error.

III.

**{¶34}** In his second assignment of error, Cooper argues that he did not enter his no contest pleas voluntarily, knowingly, and intelligently.

**{¶35}** In determining whether to accept a guilty or no contest plea, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily entered

the plea.  See *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶7; Crim.R.

11(C).  "In considering whether a guilty [or no contest] plea was entered knowingly,

intelligently and voluntarily, an appellate court examines the totality of the

circumstances through a *de novo* review of the record to ensure that the trial court

complied with constitutional and procedural safeguards."  *State v. Jodziewicz* (Apr. 16,

1999), Adams App. No. 98CA667, citing *State v. Kelley* (1991), 57 Ohio St.3d 127, 129;

see, also, *State v. McDaniel*, Vinton App. No. 09CA677, 2010-Ohio-5215, at ¶8.

**{¶36}**  Before accepting a guilty or no contest plea, the trial court should engage

in a dialogue with the defendant as described in Crim.R. 11(C).  See *State v. Morrison*,

Adams App. No. 07CA854, 2008-Ohio-4913, at ¶9.  Crim.R. 11(C)(2) provides: "In

felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and

shall not accept a plea of guilty or no contest without first addressing the defendant

personally and doing all of the following:

**{¶37}**  "(a) Determining that the defendant is making the plea voluntarily, with

understanding of the nature of the charges and of the maximum penalty involved, and if

applicable, that the defendant is not eligible for probation or for the imposition of

community control sanctions at the sentencing hearing.

**{¶38}**  "(b) Informing the defendant of and determining that the defendant

understands the effect of the plea of guilty or no contest, and that the court, upon

acceptance of the plea, may proceed with judgment and sentence.

**{¶39}**  "(c) Informing the defendant and determining that the defendant

understands that by the plea the defendant is waiving the rights to jury trial, to confront

witnesses against him or her, to have compulsory process for obtaining witnesses in the

defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶40} "Substantial compliance with the provisions of Crim.R. 11(C)(2)(a) and (b) is sufficient to establish a valid plea." *State v. Vinson*, Franklin App. No. 08AP-903, 2009-Ohio-3240, at ¶6, citing *State v. Mulhollen* (1997), 119 Ohio App.3d 560, 563; see, also, *State v. Nutt*, Ross App. No. 06CA2927, 2007-Ohio-3032, at ¶12. "Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived." *Vinson* at ¶6, citing *State v. Carter* (1979), 60 Ohio St.2d 34, 38. However, "[a] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus. See, also, *State v. Ballard* (1981), 66 Ohio St.2d 473, at paragraph one of the syllabus. "Appellant need not be advised of those rights in the exact language of Crim.R. 11(C), but he must be informed of them in a reasonably intelligible manner." *Vinson* at ¶6, citing *Ballard* at paragraph two of the syllabus.

{¶41} First, we note that Cooper does not allege that the trial court failed to satisfy the requirements of Crim.R. 11(C)(2). And based on our review of the record, we conclude that the trial court complied with Crim.R. 11(C)(2).

{¶42}  The crux of Cooper's argument that his pleas were not voluntary is based on Cooper's assertion that he was "bullied."  As Cooper states in his brief, "[his] counsel advised him to accept the plea and used the thirty one years versus under five years sentence as a means to convince him that he should accept the plea.  [Cooper] considered that technique bullying."  Appellant's Brief at 12.  The record does not demonstrate that Cooper's defense counsel bullied Cooper.  Counsel negotiated a plea deal with the state.  Under the terms of the deal, the state recommended that Cooper serve a six-year sentence (with approximately fifteen months of jail-time credit) on two counts followed by a period of community control on two other counts.  Absent the plea deal, Cooper faced the possibility of serving a prison sentence of thirty-one years and six months.  Cooper's counsel apparently indicated to Cooper that Cooper did not have a good chance of prevailing at trial.  The fact that Cooper had to make a difficult choice does not amount to bullying, and it does not demonstrate that Cooper's pleas were not entered into voluntarily, knowingly, and intelligently.

{¶43}  Cooper also argues that the trial court did not fully consider "the possible impact of a mental disorder on [Cooper's] ability to hear and understand complex statements."  Appellant's Brief at 12.  As indicated above, Cooper underwent two competency evaluations, and he was judged competent to stand trial.  Cooper points to no evidence suggesting that any alleged mental disorder prevented Cooper from entering his no contest pleas voluntarily, knowingly, and intelligently.  Therefore, we reject Cooper's argument that the trial court failed to fully consider the possibility that a mental disorder affected Cooper's ability to hear and understand "complex statements" when he entered his no contest pleas.

**{¶44}** Thus, our review of the record confirms that Cooper entered his no contest pleas voluntarily, knowingly, and intelligently.  Accordingly, we overrule Cooper's second assignment of error.

IV.

**{¶45}** In conclusion, having overruled both of Cooper's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Dissents.

For the Court

BY:_____
      Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**