[Cite as *State v. Howland*, 2018-Ohio-613.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA3 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| CHARLES D. HOWLAND, | : | |
| Defendant-Appellant. | : | **RELEASED: 2/12/2018** |

<u>APPEARANCES</u>:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

Anneka Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Harsha, J.

{¶1}    Charles Howland pleaded guilty to aggravated possession of methamphetamine with a forfeiture specification. After accepting the plea the court convicted him, imposed a sentence, and ordered certain monies forfeited. Howland contends that his guilty plea was not entered knowingly, intelligently and voluntarily because he was sleep deprived and under the influence of illegal drugs at the time he entered it.

{¶2}    However, the trial court correctly found Howland's plea was made knowingly, intelligently and voluntarily. Howland expressly denied being under the influence of drugs or alcohol. And there is no evidence in the record that drugs, alcohol or sleep deprivation impaired Howland's judgment. We overrule Howland's assignment of error and affirm the trial court's judgment.

I. FACTS

**{¶3}**    The state indicted Howland for possession of methamphetamine in violation of R.C. 2925.11, a third-degree felony, with a forfeiture specification for $674.00 in cash. He pleaded guilty and agreed to the forfeiture. The trial court conducted a colloquy to determine whether Howland was on drugs or alcohol, and whether he was fully informed of his rights and understood the consequence of his guilty plea. Upon being satisfied that Howland voluntarily entered his plea and waived his constitutional rights, the court accepted his plea and convicted him. Three months later we allowed Howland this delayed appeal.

## II. ASSIGNMENT OF ERROR

**{¶4}**    Howland assigns the following error for our review:

HOWLAND'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE
FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO
CONSTITUTION.

## III. LAW AND ANALYSIS

### A. Standard of Review

**{¶5}**    A defendant who enters a plea in a criminal case must act knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). An appellate court that determines whether a guilty plea was entered knowingly, intelligently, and voluntarily must conduct a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards. *See State v.*

*Cassell*, 2017-Ohio-769, 79 N.E.3d 588, ¶ 30-32 (4th Dist.); *see also State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 13.

B. Defendant's Claim of Impaired Judgment

{¶6}   To decide Howard's claim we look to Crim.R. 11(C), which governs the process for accepting a felony plea of guilty or no contest. *See Veney* at ¶ 8. Before accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶7}   Substantial compliance with Crim.R. 11(C)(2)(a) and (b) is sufficient for a valid plea because they do not involve constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14. " 'Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the

implications of his plea and the rights he waived.' " *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010-Ohio-5215, ¶ 13, quoting *State v. Vinson*, 10th Dist. Franklin No. 08AP-903, 2009-Ohio-3240, ¶ 6.

**{¶8}** But strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved. "However, failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Veney* at ¶ 18 quoting *State v. Ballard,* 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). A guilty plea that is not entered into knowingly, intelligently, and voluntarily is void. *State v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, ¶ 22 (4th Dist.), citing *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

**{¶9}** Howland contends that he did not knowingly, intelligently, and voluntarily make his guilty plea under Crim.R. 11(C)(2)(a) because he was under the influence of methamphetamine and "ICE," as well as being sleep deprived, when he entered it.[1]

**{¶10}** Initially the state argues that because Howland was given an agreed sentence, R.C. 2953.08(D) bars appellate review. However, because Howland is arguing that the trial court did not comply with Crim.R. 11 in accepting his guilty plea, R.C. 2953.08, which addresses sentencing is not controlling. *State v. Gavin*, 4th Dist. Scioto No. 14CA3672, 2015-Ohio-2549, ¶ 10. We can review the validity of the plea leading to the agreed sentence. *Id.*

---

[1] Howland concedes that the trial court complied with all other requirements of Crim.R. 11(C).

**{¶11}** Although the trial court asked him if he was under the influence of any types of drugs or alcohol and he responded "No, Sir," Howland claims that "the effects of the drugs were so pervasive that Howland told the trial court he was not under their influence." The state responds that Howland was incarcerated in the Highland County Jail from the time he was arrested until the plea hearing and there is no evidence in the record that Howland used illegal drugs during that 21-day period. The state also contends that there is nothing in the hearing transcript that would indicate Howland was under the influence of drugs or alcohol, or unable to comprehend the proceedings due to sleep deprivation.

**{¶12}** Howland cites to nothing in the record that indicates that he was under the influence of drugs, alcohol, or that he was so sleep deprived he could not understand the proceedings. The trial court asked Howland, "do you feel that you're making a sound judgment in going ahead now[?]" and Howland responded, "Yeah. I'm making a sound judgment." The trial court asked, "Are you under the influence of any types of drugs or alcohol at this time?" and Howland responded, "No, sir." The record shows that the trial court conducted a proper Crim.R. 11 plea colloquy. Howland's responses were clear and unequivocal; he responded each time that he understood the trial court's statements and questions. Therefore, his assertion that his guilty plea was obtained in violation of his state and federal constitutional rights is meritless. *State v. Jacobson,* 4th Dist. Adams No. 01CA730, 2003-Ohio-1201, ¶ 8 (record did not support defendant's claim of impaired judgment where defendant denied being under the influence of drugs or alcohol and appeared coherent during the Crim.R. 11 colloquy). We overrule Howland's sole assignment of error.

## IV. CONCLUSION

{¶13} Having overruled the assignment of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
         William H. Harsha, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**