[Cite as *State v. Willison*, 2019-Ohio-220.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 18CA18 |
| v. | : | |
| | | DECISION AND |
| MATTHEW WAYNE WILLISON, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 01/17/2019 |

APPEARANCES:

James A. Anzelmo, Anzelmo Law, Gahanna, Ohio, for defendant-appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for plaintiff-appellee.

Hoover, J.

{¶1}   Matthew Wayne Willison pleaded guilty to trafficking in heroin in the Athens County Court of Common Pleas. After accepting the plea, the trial court found him guilty, imposed a nine-month prison sentence, and ordered that he pay court costs. On appeal, Willison contends that his guilty plea was not entered knowingly, intelligently, and voluntarily; and that he received ineffective assistance of counsel.

{¶2}   For the following reasons, we conclude that both of Willison's assignments of error are without merit, and affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶3}     The State indicted Willison on a single count of trafficking in heroin in an amount less than one gram in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. He pleaded not guilty.

{¶4}     On June 13, 2018, a change-of-plea hearing was held. Counsel informed the court that a negotiated plea agreement had been reached and summarized that agreement as follows:

> [Prosecuting Attorney:] * * * It's my understanding that the Defendant will plead guilty to the indictment charging him with one count of trafficking in heroine [sic]. Violation of 2925.03(A)(1), a felony of the fifth degree. The facts that gave rise to this matter on or about April the 17th of this year, of last year, Defendant sold half a gram of heroine [sic] to a confidential informant from his home in Chauncey in Athens County, Ohio for $100.00. There would be a joint sentence agreement that the Defendant serve six months in prison with no early release and costs be payable $25.00 per month within twelve months of sentencing. DNA collection and three years of optional post release control. The Defendant does not fall under TCAP as it's a drug trafficking offense which takes him out of TCAP. He's previously been to prison as well and so uh, a prison sentence would be appropriate for this Defendant and that's my understanding of the agreement.
>
> * * *
>
> [The Court:] Good. Mr. Francis.
>
> [Defense Attorney:] Uh, yes your honor. We are going to change our plea from not guilty to guilty of the original charge of F5 trafficking. Mr. Driscoll correctly stated the agreement for the stated offense. The agreement is six months prison.

Sentence him today. Uh, give him credit for time previously served and obviously he owes court costs and I believe that is everything. We are asking the Court to sentence today and the defense will waive any PSI process. Thank you your honor.

[The Court:] Mr. Willison you've heard what your attorney said. Is this what you wish to do?

[Willison:] Yes sir.

{¶5}     A "Plea of Guilty[,] Judgment Entry of Guilty" document was also filed on June 13, 2018. The document, signed by Willison, summarized the negotiated plea agreement as follows:

I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice regarding any defenses I might have. I am satisfied with my attorney's advice, counsel and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made to me, except as part of this plea agreement, stated entirely as follows: **Defendant will plead guilty to the indictment and stipulate to the facts in the indictment, bill of particulars, and sufficient facts for a finding of guilt. As Defendant was indicted for Drug Trafficking, this takes the sentence out of the requirements of TCAP; Defendant has previously been convicted of a felony offense, and previously has served a prison term. AGREED and JOINT sentencing recommendation of: Six Months prison; Court costs payable at a rate of no less than $25/month within 12 months of sentencing;**

> **DNA collection; and 3 years of optional post-release control. Defendant**
>
> **agrees not to file for judicial release or accept any other kind of early release,**
>
> **including but not limited to transitional control or intensive program prison.**
>
> **The State's agreement is contingent upon Defendant following his bond**
>
> **conditions, being a law abiding citizen, complying with the PSI process and**
>
> **any other negotiated terms. Sentence today.**

(Emphasis sic.)

{¶6} Willison subsequently entered a plea of guilty to trafficking in heroin in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. The trial court then engaged in a Crim.R. 11 plea colloquy; and having been satisfied that Willison voluntarily, intelligently, and knowingly entered his plea, the court found him guilty. The matter was set to proceed immediately to sentencing; but prior to the commencement of sentencing, Willison requested that he be granted a furlough to procure storage space for his personal belongings. The State opposed the furlough request, noting that the negotiated plea agreement required that Willison be sentenced immediately, and that Willison had shown up to court in the past under the influence of drugs. In the alternative, the State proposed that should Willison be granted a furlough and return to court for sentencing with a positive drug screening, or fail to return, the State would recommend a 12-month prison sentence. Willison agreed to the State's modification of the agreement; the trial court granted the furlough; and the court ordered that he be given a drug screen before leaving so that a baseline as to what drugs were already in his system could be established. The baseline drug test revealed the presence of methamphetamine, marijuana, and benzodiazepine in his system.

{¶7}     On June 18, 2018, Willison appeared for his sentencing hearing, was given a new drug test, and tested positive for methamphetamine. Willison claimed that he did not use drugs while on furlough and that the positive screening must have been a residual result. The State countered that because his baseline test included positive results for methamphetamine, marijuana, and benzodiazepine, but his result on the day of re-testing only included a positive result for methamphetamine, then he must have used methamphetamine while on furlough. As such, the State recommended that Willison be sentenced to 12 months in prison, while defense counsel requested that he only receive 6 months imprisonment.

{¶8}     Ultimately, the trial court sentenced Willison to a total of nine months in prison. The trial court also ordered Willison to pay court costs. His conviction and sentence were journalized by way of entry dated June 18, 2018. Willison filed a timely notice of appeal.

## II. Assignments of Error

{¶9}     Willison assigns the following errors for our review:

First Assignment of Error:

> Matthew Willison did not knowingly, intelligently and voluntarily enter his guilty plea to drug trafficking, in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

Second Assignment of Error:

> Willison received ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

## III. Law and Analysis

### A. Validity of Guilty Plea

{¶10}  In his first assignment of error, Willison contends that he was deprived of his right to due process because he did not enter his plea knowingly, intelligently, and voluntarily. In particular, Willison argues that his guilty plea was unknowing, unintelligent, and involuntary because (1) he was under the influence of multiple drugs at the plea hearing; and (2) the trial court accepted the State's modified terms to the plea bargain, following his request for a furlough, without conducting a new Crim.R. 11 colloquy or otherwise confirming that he understood the nature of the modified plea agreement and the ramifications of the modified plea agreement.

{¶11}  " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In determining whether a guilty or no contest plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards. *State v. Cooper*, 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

{¶12}  "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case, a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must

also inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must both inform and determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶13}   Substantial compliance with Crim.R. 11(C)(2)(a) and (b) is sufficient for a valid plea because they do not involve constitutional rights. *Veney* at ¶ 14. " 'Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived.' " *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010–Ohio–5215, ¶ 13, quoting *State v. Vinson*, 10th Dist. Franklin No. 08AP–903, 2009–Ohio–3240, ¶ 6.

{¶14}   But strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved. " 'However, failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.' " *Veney* at ¶ 18, quoting *State v. Ballard,* 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). A guilty plea that is not entered into knowingly, intelligently, and voluntarily is void. *State v. Moore*, 165 Ohio App.3d 538, 2006–Ohio–114, 847 N.E.2d 452, ¶ 22 (4th Dist.), citing *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

{¶15}   Willison first argues that he did not knowingly, intelligently, and voluntarily make his guilty plea because he was under the influence of drugs when he entered it.

{¶16}   Recently, in *State v. Howland*, 4th Dist. Highland No. 17CA3, 2018-Ohio-613, this court was faced with a near identical argument. In *Howland*, the defendant pleaded guilty to possession of methamphetamine. *Id*. at ¶ 3. The trial court conducted a Crim.R. 11 colloquy, and being satisfied that the defendant had voluntarily entered the plea and waived his constitutional rights, it accepted his plea and convicted him. *Id*. On appeal, the defendant argued that he did not knowingly, intelligently, and voluntarily make his guilty plea because "he was under the influence of methamphetamine and 'ICE,' as well as being sleep deprived, when he entered it." *Id*. at ¶ 9. We denied the appeal and affirmed the trial court's judgment, concluding that the record did not support defendant's claim of impaired judgment where defendant denied being under the influence of drugs or alcohol at the plea hearing and appeared coherent during the Crim.R. 11 colloquy. *Id*. at ¶ 12; *see also State v. Jacobson*, 4th Dist. Adams No. 01CA730, 2003-Ohio-1201, ¶ 8 (holding similarly).

{¶17}   Here, other than the positive drug screen, Willison cites to nothing in the record that indicates he was under the influence of drugs to the point that he could not understand the plea proceedings. Following the parties recitation of the plea agreement, the trial court asked Willison "Is this what you wish to do?" and Willison responded "Yes sir." The trial court asked "Your not under the influence of any drug or alcohol as you sit here today are you?" and Willison responded "No." The record further shows that the trial court conducted a proper Crim.R. 11 plea colloquy. Willison's responses were clear and unequivocal; and he responded each time that he understood the trial court's statements and questions. Wilson even had the wherewithal to ask the trial court for a furlough before the commencement of sentencing so he

could retrieve his personal belongings and place them in storage. Finally, the trial court noted at the plea hearing that Willison "look[s] good today[,] * * * this is the best I've seen you look in a long time[.]" Based upon this record, we conclude that Willison's assertion that his plea was not entered knowingly, intelligently, and voluntarily because he was under the influence of drugs, is without merit.

{¶18}  Next, Willison contends that his plea was not knowingly, intelligently, and voluntarily made because following his request for the furlough the State modified the terms of the plea agreement, and the trial court accepted the modification without conducting a new Crim.R. 11 plea colloquy with him to ensure that he understood the nature of the modified plea agreement and the ramifications of the modified plea agreement.

{¶19}  Again, this court was recently faced with a similar argument in *State v. Billiter*, 2018-Ohio-733, 106 N.E.3d 785 (4th Dist.). In *Billiter*, the defendant pleaded guilty to four drug trafficking counts pursuant to a negotiated plea agreement. *Id*. at ¶ 4. Under the terms of the negotiated plea agreement the defendant was to receive an aggregate three-year prison term with eligibility for judicial release at two years. *Id*. The trial court conducted a Crim.R. 11 colloquy, accepted the defendant's plea, and found him guilty. *Id*. at ¶ 18-21. However, the trial court did not immediately sentence the defendant, but rather granted him a conditional release so he could witness the birth of his child. *Id*. at 21. Approximately one month later, the defendant returned for sentencing and tested positive for heroin and suboxone, in violation of his release. *Id*. at ¶ 6, 22. The trial court then announced that the parties "renegotiate[d]" the plea agreement, and that the defendant would now receive four years and six months imprisonment, with eligibility for judicial release at three years. *Id*. at ¶ 6. The trial court inquired of defense counsel, the prosecutor, and the defendant as to whether this was their understanding of the renegotiated

agreement, and all answered affirmatively. *Id*. at ¶ 7, 23. The trial court did not, however, conduct a new Crim.R. 11 plea colloquy. *See id. generally*. Ultimately, the defendant was sentenced to 54 months in prison. *Id*. at ¶ 8.

{¶20} On appeal, the defendant argued that his plea was not knowingly, intelligently, and voluntarily made. *Id*. at ¶ 12. We rejected the argument, at ¶ 24, concluding:

> [W]e find that the trial court complied with Crim.R. 11(C) during the initial plea colloquy in September 2015. Even though the sentence was increased from that of the original plea bargain, both parties agreed to the increased sentence. After examining the totality of the circumstances, we determine that the trial court complied with the constitutional and procedural safeguards and that [defendant's] plea was entered knowingly, intelligently, and voluntarily.

{¶21} In the case sub judice, as in *Billiter*, the trial court complied with the Crim.R. 11(C) requirements during the initial plea colloquy. Immediately following the colloquy, and just before sentencing was to commence, Willison requested a furlough to take care of personal matters. This prompted the State to modify its sentencing recommendation as part of the negotiated plea agreement, because the original agreement was made on the basis that Willison would be sentenced immediately. The terms of the modified agreement - that the State would recommend a 12 month sentence if Willison returned from furlough with a positive drug test, or six months if he returned with a clean test - were discussed openly, on the record, with the court, prosecutor, defense counsel, and Willison all participating in the discussion. The trial court asked Willison if he understood the terms of the modified agreement, to which Willison responded in the affirmative. Given these circumstances, and the precedent established in *Billiter*, we conclude

that the trial court complied with the proper constitutional and procedural safeguards and that

Willison's plea was entered knowingly, intelligently, and voluntarily.

{¶22} Based on the forgoing, we overrule Willison's first assignment of error.

### B. Assistance of Counsel

{¶23} In his second assignment of error, Willison contends that because he is an

indigent defendant with appointed counsel, his counsel provided ineffective assistance by failing

to request at the sentencing hearing that the trial court waive court costs.

{¶24} Criminal defendants have a right to counsel, including a right to the effective

assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763

(1970), fn. 14. To establish constitutionally ineffective assistance of counsel, a criminal

defendant must show (1) that his counsel's performance was deficient and (2) that the deficient

performance prejudiced the defense and deprived him of a fair trial. *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Accord State v. Issa,* 93

Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916

(1998). "In order to show deficient performance, the defendant must prove that counsel's

performance fell below an objective level of reasonable representation. To show prejudice, the

defendant must show a reasonable probability that, but for counsel's errors, the result of the

proceeding would have been different." *State v. Conway,* 109 Ohio St.3d 412, 2006–Ohio–2815,

848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v.*

*Jones,* 4th Dist. Scioto No. 06CA3116, 2008–Ohio–968, ¶ 14.

{¶25} In all criminal cases the judge must include in the sentence the costs of

prosecution and render a judgment against the defendant for such costs, even if the defendant is

indigent. R.C. 2947.23(A)(1)(a); *State v. White,* 103 Ohio St.3d 580, 2004–Ohio–5989, 817

N.E.2d 393, ¶ 8. However, the trial court retains jurisdiction to waive, suspend, or modify the payment of the costs "at the time of sentencing or at any time thereafter." R.C. 2947.23(C). The trial court may waive court costs—but is not required—if the defendant is indigent. *State v. Hawkins,* 4th Dist. Gallia No. 13CA3, 2014–Ohio–1224, ¶ 18; *State v. Walker,* 8th Dist. Cuyahoga No. 101213, 2014–Ohio–4841, ¶ 9 (the discretion to waive court costs includes the discretion not to waive them). *Accord State v. Farnese,* 4th Dist. Washington No. 15CA11, 2015–Ohio–3533, ¶ 12.

{¶26}  "R.C. 2947.23 formerly required a defendant to request a waiver of costs at the time of sentencing." *State v. Moore*, 4th Dist. Scioto No. 15CA3717, 2016–Ohio–8274, ¶ 40, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006–Ohio–905, 843 N.E.2d 164, paragraph two of the syllabus; *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016–Ohio–1546, ¶ 14; *Farnese* at ¶ 15. However, the statute has been amended so that a defendant no longer must request a waiver of costs at the time of sentencing. Now, the trial court " 'retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution at the time of sentencing or at any time thereafter.' " *Moore* at ¶ 40, citing R.C. 2947.23(C).  "Thus, 'a defendant is no longer required to move for a waiver of court costs at the sentencing hearing or waive it.' " *Id.*, citing *Farnese* at ¶ 15. "As a result, ineffective assistance of trial counsel claims based upon a failure to request a waiver of costs at the time of sentencing have become difficult—if not impossible—to establish." *Id.*, citing *Farnese* at ¶ 15.

{¶27}  Here, as initial matter, we note that Willison agreed to pay court costs as part of the negotiated plea agreement. Thus, we cannot say that his counsel acted deficiently by filing to request a waiver of court costs at sentencing. Nevertheless, even if we were to assume, *arguendo*, that trial counsel acted deficiently by failing to request a waiver of costs at sentencing,

Willison cannot demonstrate prejudice. *Moore* at ¶ 42 ("[E]ven if [the court] could state that trial counsel performed deficiently by failing to request a waiver at sentencing, appellant cannot demonstrate prejudice. Appellant has not lost the ability to seek a waiver of costs [under R.C. 2947.23(C)]."); *State v. Savage*, 4th Dist. Meigs No. 15CA2, 2015–Ohio–4205, ¶ 32 (defendant not precluded from now seeking waiver of the payment of costs based on claimed indigency since R.C. 2947.23(C) was amended); *State v. Williams*, 3d Dist. Auglaize No. 2–13–31, 2014–Ohio–4425, ¶ 17 (determining that any error trial counsel made by failing to object to costs at sentencing not prejudicial when appellant retained the ability to seek waiver under court's continuing jurisdiction granted in R.C. 2947.23(C)). Accordingly, Willison is unable to demonstrate a claim of ineffective assistance of counsel, and we overrule his second assignment of error.

## IV. Conclusion

{¶28}  Having overruled both of Willison's assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, J.: Concur in Judgment and Opinion.


For the Court


By: _____
        Marie Hoover, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**