[Cite as *State v. Smith*, 2019-Ohio-4115.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 19CA3680 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| ROBERT D. SMITH, | : | |
| Defendant-Appellant. | : | **RELEASED 10/03/2019** |

APPEARANCES:

Paige J. McMahon, Chillicothe, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

Hess, J.

{¶1}   Robert D. Smith pleaded guilty to theft from a person in a protected class. After accepting the plea, the court convicted him and imposed a sentence. Smith contends that his guilty plea was not entered knowingly, intelligently and voluntarily because the trial court did not explain to him that if he had paid only a nominal amount towards restitution, rather than a substantial amount, the trial court would have granted his request for intermittent jail service.

{¶2}   However, the trial court correctly found Smith's plea was made knowingly, intelligently and voluntarily. The trial court informed Smith that it would be willing to consider some form of intermittent jail service only if Smith made a substantial or a full payment of restitution at sentencing.  Smith stated that he understood that when he entered the guilty plea. Smith subsequently failed to make any restitution payment and

the trial court informed him he would not receive intermittent jail service. The trial court sentenced him to 75 consecutive days in jail. We overrule Smith's assignment of error and affirm the trial court's judgment.

## I. FACTS

{¶3} The state indicted Smith for theft from a person in a protected class in violation of R.C. 2913.02, a fourth-degree felony. He pleaded guilty. The trial court conducted a Crim.R. 11 colloquy to determine whether Smith was fully informed of his rights and understood the consequence of his guilty plea. Upon being satisfied that Smith voluntarily entered his plea and waived his constitutional rights, the court accepted his plea and convicted him.

{¶4} At the plea hearing, the trial court expressed a willingness to consider some form of intermittent jail service, such as 14 days on and 14 days off, in order to assist Smith with childcare obligations. However, the trial court stated that it would consider intermittent jail service only if Smith made "a substantial payment or a full payment of restitution at sentencing." A month later at the sentencing hearing, Smith's counsel explained that because Smith was the sole caretaker of several small children, he was financially unable to make any restitution payment. The trial court asked Smith if he would like to make a statement and Smith replied, "No, sir."

{¶5} The trial court explained the deal again to Smith, "If you made a payment toward restitution, I would seriously consider allowing you to serve intermittent time in the Ross County Jail so that you could take care of your children." The trial court stated that it would not consider honoring the request of intermittent jail time because Smith did not generate so much as one dollar towards restitution for the victims: "You had your

opportunity and you were silent just like you were silent on the ability to generate one dollar. Had you brought in a dollar, at least I would have considered honoring your request." The trial court imposed a 75-day consecutive (non-intermittent) sentence in the county jail, 200 hours of community service, and ordered restitution in the sum of $1,350.00.

## II. ASSIGNMENT OF ERROR

{¶6}   Smith assigns the following error for our review:

APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT ACCEPTED AN UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEA.

## III. LAW AND ANALYSIS

### A. Standard of Review

{¶7}   A defendant who enters a plea in a criminal case must act knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). An appellate court that determines whether a guilty plea was entered knowingly, intelligently, and voluntarily must conduct a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards. *See State v. Cassell*, 2017-Ohio-769, 79 N.E.3d 588, ¶ 30-32 (4th Dist.), *see also State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 13.

## B. Defendant's Claim of Lack of Knowledge

**{¶8}** To decide Smith's claim we look to Crim.R. 11(C), which governs the process for accepting a felony plea of guilty or no contest. *See Veney* at ¶ 8. Before accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

**{¶9}** Substantial compliance with Crim.R. 11(C)(2)(a) and (b) is sufficient for a valid plea because they do not involve constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14. " 'Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived.' " *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010-Ohio-5215, ¶ 13, quoting *State v. Vinson*, 10th Dist. Franklin No. 08AP-903, 2009-Ohio-3240, ¶ 6.

{¶10} But strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved. " 'However, failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.' " *Veney* at ¶ 18, quoting *State v. Ballard,* 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). A guilty plea that is not entered into knowingly, intelligently, and voluntarily is void. *State v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, ¶ 22 (4th Dist.), citing *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

{¶11} Smith contends that he did not knowingly, intelligently, and voluntarily make his guilty plea under Crim.R. 11(C)(2)(a) because he was not informed that making a one-dollar restitution payment was all that was required of him to avoid the sterner sentence.[1] For the nonconstitutional notifications required by Crim.R. 11(C)(2)(a), substantial compliance is sufficient. " '[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.' " *Veney* at ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered. *Veney* at ¶ 15.

{¶12} Smith contends that at the plea hearing, the trial court informed him that he must make substantial payment towards restitution to receive an intermittent jail sentence, but at the sentencing hearing the trial court changed the requirement to only a one-dollar payment to receive an intermittent sentence. Smith inaccurately characterizes

---

[1] Smith does not contend that the trial court erred in any of the other requirements of Crim.R. 11(C) and the record shows that the trial court conducted a proper Crim.R. 11(C) plea colloquy.

the trial court's statements.  At the sentencing hearing, the trial court did not state that all Smith had to do was pay one-dollar restitution to obtain an intermittent jail sentence. Instead the trial court explained it was Smith's lack of sincere initiative towards restitution for the victims that guided the trial court's discretion. Had Smith made even the slightest showing of good faith towards restitution for the victims, it might have triggered some discretionary leniency because of the trial court's concern for Smith's small children:

> If you made a payment toward restitution, I would seriously consider allowing you to serve intermittent time * * * so that you could take care of your children.  * * * I know that you probably do care about your children but a deal is a deal. You didn't even come up with a dollar. * * * Had you brought in a dollar, at least I would have considered honoring your request. I hate to punish your children because you can't keep a bargain and apparently don't want to generate any kind of money to pay the victims of this offense back * * * you're going to spend some time in the Ross County Jail, not as much as the prosecutor wants. This is your first foray into the big time so to speak.

{¶13} The trial court was not changing the standard of the previously agreed sentencing terms, but rather was explaining that no amount of discretionary leniency would be shown where Smith failed to take even the smallest steps to begin restitution for the victims. Smith received the benefit of his bargain – he failed to make restitution, so the trial court did not consider intermittent sentencing and instead sentenced him to 75 consecutive days in jail.[2] Moreover, Smith has failed to contend that he was prejudiced and that his plea would not have been otherwise entered. Here where Smith argues that the trial court intended to be more lenient with restitution than it led him to believe, it strains the limits of credulity to believe Smith would have changed his plea.

---

[2] The state points out that the 75-day sentence imposed by the trial court was less than the 90-day sentence agreed to by the parties. The trial court stated it was imposing jail time, but "not as much as the prosecutor wants."

{¶14}  Smith also contends that the trial court failed to allow him the right to make a statement on his own behalf as provided in Crim.R. 32(A)(1), which states, "* * *At the time of imposing sentence, the court shall do all of the following:  (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶15}  The record shows that the trial court complied with Crim.R. 32(A)(1) in allowing both Smith's attorney an opportunity to be heard and, after Smith's counsel spoke, asking Smith, "* * * Mr. Smith, would you like to make a statement as to why sentence should not be imposed or in mitigation or lessening of your punishment?" Smith responded, "No, sir."  After Smith declined to make a statement, he later interrupted the trial court and interjected excuses for his failed restitution efforts. The trial court admonished him for the interruption. The trial court had previously given Smith an opportunity to speak and was simply controlling the courtroom decorum by admonishing Smith for the interruption. "A trial judge is empowered to maintain decorum and enforce reasonable rules to insure the orderly and judicious disposition of the court's business." *State v. Baskin*, 3rd Dist. Allen No. 1-18-23, 2019-Ohio-2071, ¶ 22. The record shows that the trial court complied with Crim.R. 32(A)(1) and Smith declined the opportunity to speak.

{¶16}   We overrule Smith's sole assignment of error.

## IV. CONCLUSION

{**¶17**} Having overruled the assignment of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**