OPINION
{¶ 1} Minter appeals from his conviction and sentence for Felonious Assault, with a firearm specification, following a guilty plea. Minter contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea. After reviewing the record, we conclude that the trial court did not abuse its discretion in denying Minter's motion to withdraw his guilty plea.
 {¶ 2} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In January, 2003, Aaron Minter, Jamaal Fleming, and Roderick Smith were indicted on one count of Felonious Assault, with a firearm specification, and two counts of Improperly Discharging a Firearm into a Habitation. Minter was also indicted on one count of Having Weapons While Under Disability. This case proceeded to a jury trial in September, 2003. Minter was found guilty of Having Weapons While Under Disability. With respect to the remaining counts, the trial court found that the jury was hung and declared a mistrial. The trial court sentenced Minter to eleven months of imprisonment for his conviction on Having Weapons While Under Disability.
 {¶ 4} This case was set for re-trial on the remaining counts on January 12, 2004. Just prior to the start of the trial, Minter agreed to enter a guilty plea and to testify against Fleming, in exchange for the two counts of Improperly Discharging a Firearm into a Habitation being dismissed and the State's recommendation of a nine-year sentence of imprisonment. Minter pled guilty to one count of Felonious Assault, with a firearm specification, and testified at Fleming's jury trial. However, Fleming entered a guilty plea prior to the conclusion of his trial, and was sentenced to two years of imprisonment. Smith also entered a guilty plea and was sentenced to two years of imprisonment.
 {¶ 5} At Minter's sentencing hearing on January 15, Minter made a motion to withdraw his guilty plea, pursuant to Crim. R. 32.1. After a hearing, the trial court denied Minter's motion to withdraw his guilty plea. The trial court dismissed the two counts of Improperly Discharging a Firearm into a Habitation and sentenced Minter to nine years of imprisonment for Felonious Assault, with a firearm specification. From his conviction and sentence, Minter appeals.
 II {¶ 6} Minter's sole assignment of error is as follows:
 {¶ 7} "The trial court abused its discretion in denying appellant[`s] request to withdraw his guilty plea."
 {¶ 8} Minter contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Minter contends that he was coerced into accepting the plea agreement. He contends that he was "forced into an untenable position where he was put in the position of having to make a literal, split-second decision." Minter contends that "this is a case of extraordinary and exceptional circumstances where rushes to judgment impeded good common sense." Minter also contends that he was not given an impartial hearing, and that the trial court did not give full and fair consideration to his motion to withdraw his guilty plea.
 {¶ 9} A motion to withdraw a guilty plea may be made before a sentence is imposed. Crim. R. 32.1. "A motion to withdraw a guilty plea should be `freely and liberally granted' when a defendant shows `a reasonable and legitimate basis' for the withdrawal of the plea. State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715. A trial court must conduct a hearing in which it carefully considers the motion to withdraw the guilty plea and all the circumstances surrounding the motion. Id. Unless a trial court abuses its discretion in ruling on the motion, the judgment should be affirmed. Id. A trial court only abuses its discretion if its judgment is unreasonable, arbitrary or unconscionable. Id. We have stated that [a] trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a full impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Landis (Dec. 6, 1995), Montgomery App. No. 15099, unreported, citation omitted." Statev. McHale, Montgomery App. No. 18963, 2002-Ohio-2373, 2002 WL 1000437, at *4.
 {¶ 10} In this case, the record demonstrates that Minter was represented by competent counsel. At his plea hearing, Minter informed the trial court that his counsel discussed the facts of the case and the plea agreement with him. Minter stated that his counsel answered all of his questions regarding the charge pending against him, the plea agreement, and the court proceedings. Minter also stated that he was satisfied with the representation of his counsel. There is no evidence that Minter was coerced into the plea agreement by his counsel or the prosecutor.
 {¶ 11} The record also demonstrates that Minter was afforded a full hearing, pursuant to Crim. R. 11, before he entered his guilty plea. The transcript of the plea hearing reveals that the trial court and Minter's counsel explained the aspects of the plea to him, and that Minter was cognizant of the consequences of entering the guilty plea. At the plea hearing, the trial court addressed Minter personally and reviewed the plea agreement with Minter, addressing the nature of the charge against him, the maximum penalty involved, the effect of a guilty plea, and Minter's constitutional rights. After questioning Minter, the trial court determined that Minter was making the plea voluntarily, with an understanding and waiver of his rights, an understanding of the nature of the charge against him, and an understanding of the consequences of his guilty plea. Based on the record, Minter was afforded a full hearing, pursuant to Crim. R. 11, before he entered his guilty plea.
 {¶ 12} The record further demonstrates that Minter was given a full, impartial hearing on his motion to withdraw his guilty plea. Minter made the motion to withdraw his guilty plea at his sentencing hearing, and the trial court held a hearing at that time on Minter's motion. The trial court allowed Minter to make a statement and to offer any evidence to support his motion. Minter stated that he was forced into accepting the plea agreement because he only had a couple of minutes to decide whether to accept the plea agreement, leaving him no time to discuss it with his family, who later informed him that they would have hired counsel for him. The trial court then allowed the State to address Minter's motion. After hearing from Minter and the State, the trial court overruled Minter's motion to withdraw his guilty plea. Based on the record, Minter received a full impartial hearing on his motion to withdraw his guilty plea.
 {¶ 13} The record also demonstrates that the trial court gave full and fair consideration to Minter's motion to withdraw his guilty plea. The trial court indicated that it understood Minter's argument, but did not find it to have merit. The trial court stated that "[a]t no point did he [Minter] indicate that he had the means and ability to hire private counsel, and now after sentencing — or after the plea agreement and at the sentencing hearing, he indicates he's going to hire a private attorney when he's represented throughout the proceeding for almost a year that he's indigent, unable to employ counsel." Minter also informed the trial court that part of his complaint was that his co-defendant received a lesser sentence than Minter agreed to in his plea agreement. We agree with the trial court on this issue, and find that Minter failed to demonstrate more than a mere change of heart with regard to the plea, based upon his dissatisfaction with the sentence he received. Although Minter complains of the pressure brought to bear upon him by the last-minute nature of the plea bargain, this is an inevitable consequence of plea bargaining on the courthouse steps. Minter has not demonstrated that he was prevented from attempting to negotiate a plea bargain earlier. The pressure of an imminently impending trial is one of the ordinary hazards to which criminal defendants, and, for that matter, all litigants, are regularly exposed. We conclude that the trial court did not abuse its discretion in denying Minter's motion to withdraw his guilty plea.
 {¶ 14} Minter's sole assignment of error is overruled.
 III {¶ 15} Minter's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Young, JJ., concur.