OPINION
{¶ 1} The appellant-defendant, Damien Jenkins (hereinafter "Jenkins"), appeals the judgment of the Henry County Court of Common Pleas finding him guilty of aggravated murder with a firearm specification.
 {¶ 2} Jenkins was indicted for aggravated murder with a firearm and a death specification. The April 24, 2001 indictment alleged that Jenkins fatally shot his father. At the time of his initial appearance, Jenkins was incarcerated in New York for two counts of assault, two counts of reckless endangerment, one count of resisting arrest, and one count of reckless driving.
 {¶ 3} On August 10, 2004, the trial court held a hearing on Jenkins competence to stand trial. At the competency hearing, the trial court reviewed reports from Dr. Gregory Forac and Dr. Bob Stinson concerning Jenkins competency. Dr. Forac's report found that Jenkins was "able to understand the nature and objectives of the proceedings which have been brought against him, and was capable of assisting his attorney in his own defense." Dr. Stinson's report, however, found that Jenkins was "not presently capable of assisting in his defense." Subsequently, the trial court found that Jenkins was incompetent to stand trial but was capable of being returned to competency within one year. The trial court ordered Jenkins to Twin Valley Behavioral Health Care (hereinafter "Twin Valley") to undergo treatment.
 {¶ 4} On November 8, 2004, the trial court held a second competency hearing. At that hearing, the trial court determined that Jenkins was now competent to stand trial based upon the report written by Dr. Kristen Haskins, a clinical psychologist at Twin Valley.
 {¶ 5} On June 7, 2005, Jenkins pled guilty to one count of aggravated murder pursuant to R.C. 2903.01(B), and one firearm specification pursuant to R.C. 2941.145.[1] Thereafter, the trial court sentenced Jenkins to three years in prison for the firearm specification and to life in prison with eligibility for parole after twenty years for the aggravated murder.
 {¶ 6} It is from this judgment that Jenkins appeals and sets forth two assignments of error.
 ASSIGNMENT OF ERROR NO. I THE DEFENDANT WAS NOT AFFORDED HIS CONSTITUTIONAL RIGHTS UNDERCRIMINAL RULE 11, SPECIFICALLY DUE TO THE DEFENDANT NOT KNOWINGLYAND VOLUNTARILY WAIVING THE RIGHTS AFFORDED TO A DEFENDANT UNDERCRIMINAL RULE 11.
 {¶ 7} In his first assignment of error, Jenkins argues that "it is clear that the Court covered the necessary requirements under Criminal Rule 11, but it is also clear that the defendant lacked any true understanding of these proceedings." Jenkins also asserts that, because his previous mental state was questionable, his responses were not voluntary.
 {¶ 8} The competency standard for entering a guilty plea is the same as the standard for competency to stand trial. Godinez v. Moran (1993),509 U.S. 389, 391, 113 S.Ct. 2680, 125L.Ed.2d 321; State v. Mink,
101 Ohio St.3d 350, 2004-Ohio-1064, 805 N.E.2d 1064, ¶ 57; State v. Bolin
(1998), 128 Ohio App. 3d 58, 62, 713 N.E.2d 1092. Competency to stand trial is determined by whether the defendant "has `sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding' and a `rational as well as a factual understanding of the proceeding against him.'" Moran, 509 U.S. 389 at 397, quoting Dusky v.United States (1960), 362 U.S. 402, 80 S.Ct. 788, 4L.Ed.2d 824: Mink,101 Ohio St.3d 350 at ¶ 57.
 {¶ 9} In determining Jenkins competency to stand trial, the trial court examined the report prepared by Dr. Haskins. Both parties stipulated to Dr. Haskins' report. In her report, Dr. Haskins stated her opinion that "Mr. Jenkins is capable of understanding the nature and objective of the proceedings against him and of assisting in his defense." Based upon Dr. Haskins' report, the trial court found that Jenkins was competent to stand trial. The trial court's finding was supported by reliable evidence, and we cannot find that the trial court abused it's discretion in finding Jenkins competent to stand trial. SeeState v. Vrabel, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, at ¶ 33 citing State v. Williams (1986), 23 Ohio St.3d 16, 490 N.E.2d 906,State v. Hicks (1989), 43 Ohio St. 3d 72, 79, 538 N.E.2d 1030.
 {¶ 10} "A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty * * *. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary." Moran, 509 U.S. at 400 (citations omitted).
 {¶ 11} In the case sub judice, Jenkins argues that his plea was not knowing and voluntary. As a basis for his argument, Jenkins points to excerpts from the transcripts of the plea hearing which provided, in pertinent part, as follows:
The Court: Do you now voluntarily give up all these rights and pleadguilty to the charge of aggravated murder, as amended, and the firearmspecification as contained in the bill of indictment?
 Defendant: Can you give me a brief moment?
 The Court: Sure.
 (THEREUPON followed a discussion between the defendant and hiscounsel which was off the record.)
 Defendant: All right, you can continue.
* * *
The Court: Okay, my last question to you was, do you now voluntarilygive up all these rights that I've explained to you and do you pleadguilty to the bill of indictment as amended, the charge of aggravatedmurder and the firearm specification? Defendant: With a max — with amandatory twenty life, no.
 The Court: Pardon?
 Defendant: No.
 The Court: My question is do you plead guilty to the indictment asamended?
 Defendant: I would like to withdraw my plea and say no. I'm not goingto plead guilty.
 The Court: Pardon?
 Defendant: I said I'm withdrawing my plea and I'm not going toplead guilty, no.
 The Court: Do you want some time to talk to your attorneys?
 Defendant: Yes.
* * *
[The court took a recess]
* * *
Court: Okay, now, again, we're back to the point where, understandingthe rights that I advised you of previously, do you now voluntarily giveup those rights and plead guilty to the indictment as amended?
 Defendant: A brief moment (THEREUPON followed a discussion betweendefendant and his counsel which was off the record.)
 The Court: How do you wish to proceed?
 Defendant: Uh — (THEREUPON followed a discussion between defendant andhis counsel which was off the record.)
 The Court: How do you with [sic] to proceed?
 Defendant: Can I think it over?
 The Court: Pardon?
 Defendant: I'm thinking it over. (Long period of silence.) It's a bigdecision on it, you know.
 The Court: I understand.
 Defendant: Bringing it out, uh — (Long period of silence.)
 The Court: Mr. Jenkins, how do you plead?
* * *
Defendant: Can I use a bathroom, please. Can we, you know, hold this upfor a bathroom?
* * *
[The court took a recess]
* * *
The Court: Mr. Jenkins, again, the Court's question is do you pleadguilty to the bill of indictment, as amended?
 Defendant: Yes.
 The Court: Mr. Jenkins, the bill of indictment, as amended, alleges,states that on or about the 19th of June, 2000 in Henry County, Ohio, youdid purposely cause the death of Ernest Jenkins while fleeing immediatelyafter committing or attempting to commit aggravated robbery. Do you admitthat? (THEREUPON followed a discussion between defendant and his counselwhich was off the record.)
* * *
The Court: Again, the indictment, as amended, states that on or aboutthe 19th day of June, 2000 in Henry County, you did purposely cause thedeath of Ernest Jenkins while fleeing immediately after committing orattempting to commit aggravated robbery. Do you admit that?
 Defendant: Could I — I plead guilty to, to, to you know, the chargeof, you know, to aggravated murder but it's the thing about that robberything, I'm not — I ain't, all I know about them — well, f____ it, I guessI will, yes.
 The Court: Your answer is yes?
 Defendant: Yeah.
 The Court: You admit that?
 Defendant: I admit that ain't — never mind, go ahead. Yes.
 The Court: The indictment further states, and this is the specificationabout the firearm, that you had a firearm on or about your person orunder your control while committing the offense and displayed thefirearm, brandished the firearm, indicated you possessed the firearm orused it to facilitate the offense. Do you admit that?
 Defendant: Yes.
* * *
 {¶ 12} After reviewing the plea hearing transcript, we find that Jenkins' guilty plea was knowingly and voluntarily given. The above quoted excerpt reveals that Jenkins was initially unsure whether he wanted to plead guilty but not that he lacked a true understanding of the plea hearing. During the plea hearing, Jenkins responded appropriately to the trial court's questions. Furthermore, in his brief, Jenkins admits that the trial court complied with the mandates of Criminal Rule 11.
 {¶ 13} Because Jenkins was competent to plead guilty and because the plea was knowingly and voluntarily given, we hold Jenkins first assignment of error to be without merit.
 ASSIGNMENT OF ERROR NO. II THE DEFENDANT'S COUNSEL WAS INEFFECTIVE DUE TO THE LACK OF TRUST ANDCOMPREHENSION BY THE DEFENDANT.
 {¶ 14} In his second assignment of error, Jenkins argues that his counsels failed to explain what type of questions the judge was going to ask at the change of plea hearing. Jenkins also claims that his attorneys used tricks to force him into pleading guilty. More specifically, Jenkins asserts that his attorneys tricked him into pleading guilty by arguing that this was a death penalty case and that he was going to die if he did not plead guilty to the amended charges to trick him into pleading guilty.
 {¶ 15} It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense.State v. Kole (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148. To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
 {¶ 16} In order to show that an attorney's conduct was deficient or unreasonable, the appellant must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by "reasonable professional judgment." Strickland, 466 U.S. at 687. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965. Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client. State v. Bradley (1989), 42 Ohio St.3d 136, 141, 538 N.E.2d 373, quoting State v. Lytle (1976), 48 Ohio St.2d 391, 396 vacated in part (1978) 438 U.S. 910, 98 S.Ct. 3135.
 {¶ 17} In the case sub judice, Jenkins has not overcome the presumption that his counsels were not ineffective. After reviewing the record, we find no evidence that Jenkins was forced into pleading guilty by his attorneys or was provided ineffective assistance of counsel. At the change of plea hearing, the trial court asked, "[H]as anyone threatened you in anyway or promised you anything to force you to enter this plea today?" Jenkins answered, "No." The trial court then inquired into whether Jenkins' attorneys had explained everything. Jenkins answered, "Yes." Further, the trial court questioned if Jenkins was satisfied with his attorneys "advice and their competency." Jenkins answered, "Yes." Jenkins responses on the record rebut any claim of trickery, threats, or ineffective assistance of counsel.
 {¶ 18} Having found no error prejudicial to appellant here, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, JJ., concur.
[1] The state dismissed the death specification when Jenkins entered the guilty plea.