[Cite as *State v. Adkins*, 2021-Ohio-711.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :
                                        :      Case No. 20CA3
    Plaintiff-Appellee,              :
                                        :
v.                                      :      <u>DECISION AND JUDGMENT
                                        :      ENTRY</u>
BELINDA ADKINS,                         :
                                        :      **RELEASED: 03/04/2021**
    Defendant-Appellant.             :
_____
<u>APPEARANCES:</u>

Brigham Anderson, Lawrence County Prosecuting Attorney, Ironton, Ohio, for Appellee.

Angela Miller, Jupiter, Florida, for Appellant.
_____

Wilkin, J.

{¶1} This is an appeal from a Lawrence County Court of Common Pleas judgment convicting Appellant, Belinda Adkins, of aggravated murder. The trial court sentenced Appellant to life in prison, plus three years for a firearm specification, with a possibility of parole after twenty years. Appellant asserts that her guilty plea violated both the Federal and Ohio Constitution because it was not knowing, voluntary, or intelligent and because her trial counsel was ineffective for advising her to plead guilty. Having reviewed the record and the applicable law we affirm the trial court's judgment of conviction.

BACKGROUND

{¶2} The State charged Appellant with murder and aggravated murder with a firearm for killing her husband. Appellant pleaded not guilty by reason of

insanity ("NGRI") and sought a competency evaluation. The trial court ordered a mental examination of Appellant to determine her competency to stand trial, and to evaluate her mental state at the time of the offense. The Court Clinic undertook the evaluation and subsequently issued a report that found Appellant competent to stand trial, and a separate report that found she understood the wrongfulness of her actions so a not-guilty-by-reason-insanity defense ("NGRI") was not supported. Pursuant to these reports, the trial court found Appellant competent to stand trial, and Appellant withdrew her NGRI defense.

{¶3} On the first day of trial, the parties reached a plea agreement whereby Appellant would plead guilty to aggravated murder with the firearm specification, and in return the State would dismiss the murder charge and recommend the minimum sentence of life in prison with the possibility of parole after twenty years, plus three years for the gun specification. The trial court engaged in a Crim.R. 11 colloquy with Appellant to ensure that she entered her plea knowingly, intelligently and voluntarily, including that she understood the maximum penalty she could receive would be life in prison without the chance of parole, and that the trial court was not bound to accept the sentence recommended by the State. The State then proceeded with Appellant's allocution. After a recess, the trial court heard victim statements and then proceeded with sentencing, imposing a three-year sentence for the firearm specification to be served consecutive to a life sentence with the possibility of parole after 20 years, for an aggregate sentence of life in prison with the

possibility of parole after 23 years.  Finally, the trial court informed Appellant of her right to appeal her conviction.  It is this judgment that Appellant appeals.

## ASSIGNMENTS OF ERROR

I.    APPELLANT'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND CRIM.R 11(C)

II.   APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HER COUNSEL ADVISED HER TO PLEAD GUILTY TO AGGRAVATED MURDER.

## ASSIGNMENT OF ERROR I

{¶4} Appellant argues that her plea was not knowing and intelligent.  She argues that she was not sufficiently aware of the consequences of her plea because of "cognitive and mental health issues."  Specifically, she alleges that she had difficulty remembering the shooting, and she suffers from "bipolar disorder, PTSD, anxiety, and depression" that raise "concerns about [her] mental state at the time of the plea hearing."  Appellant also alleges that because the trial court was aware that she was taking psychotropic drugs while in jail, it had an obligation to conduct further inquiry into her mental state before accepting her plea under *United States v. Damon*, 191 F.3d 561, 565 (4th Cir. 1999).  Therefore, Appellant argues that her plea should be vacated, or alternatively this court should remand the case to the trial court to conduct an evidentiary hearing to reevaluate her mental state at the time she entered her guilty plea.

**{¶5}** The State argues that Appellant's argument is based on "allegations and accusations without any supporting evidence." The State argues that the Appellant's mental examination revealed that she was competent to stand trial and her NGRI lacked merit. The State further argues that at the plea hearing the trial court properly informed Appellant of her rights, and her responses were consistent with a knowing, voluntary and intelligent plea. Therefore, the State argues that the court should overrule Appellant's first assignment of error.

**{¶6}** "A defendant who enters a plea in a criminal case must act knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Smith*, 4th Dist. Ross No. 19CA3680, 2019-Ohio-4115, ¶7, citing *State v. Veney*, 120 Ohio St. 3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. "In determining whether a guilty * * * plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11, citing *State v. Cooper*, 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

**{¶7}** The procedural safeguards include the trial court ensuring the defendant's plea is voluntary, including that he or she understands the nature of the charges, the effect of the plea, the maximum penalty possible, that the defendant is not eligible for probation or for the imposition of community control sanctions at hearing (if applicable), the effect of the plea, and that after accepting

the plea the trial court may proceed to sentencing.  *Smith* at ¶ 8, citing Crim.R. 11(C)(2)(a) and (b).  "Substantial compliance with Crim.R. 11(C)(2)(a) and (b) is sufficient for a valid plea because they do not involve constitutional rights."  *Id.*, citing *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14.

{¶8} A trial court must also inform the defendant of the constitutional rights that he or she is waiving by pleading guilty, including the right to a jury trial, to confront witnesses, to compel witnesses to appear, to require the State to prove their guilt beyond a reasonable doubt, and the right against self-incrimination. *Id.*, citing Crim.R. 11(C)(2)(c). "[S]trict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved."  *Id.*

{¶9} Appellant first argues that memory issues pertaining to the shooting, as well as her diagnosis of "bipolar disorder, PTSD, anxiety, and depression" raise "concerns about [her] state at the time of the plea hearing."  While Appellant's argument is couched as a Crim.R. 11 compliance issue, her allegations also appear to implicate her competence to understand the plea. Therefore, as we did in *State v. Morrison*, 4th Dist. Adams No. 07CA854, 2008-Ohio-4913, we also address Appellant's competence to understand her plea. "The competency standard for entering a plea 'is the same as the competency standard for standing trial.' "  *Id.*, quoting *Godinez v. Moran* (1993), 509 U.S. 389, 391, 113 S.Ct. 2680, 125 L.Ed.2d 321; *State v. Mink,* 101 Ohio St .3d 350, 2004-Ohio-1064, ¶ 57; *State v. Bolin* (1998), 128 Ohio App.3d 58, 713 N.E.2d 1092; *State v. Jenkins,* Henry App. No. 06, 2005-Ohio-5616, ¶ 8.  "To determine whether a defendant is competent to stand trial, a court must determine that

defendant 'has "sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" and a "rational as well as a factual understanding of the proceeding against him." ' " *Id.*, quoting *State v. Jenkins,* Henry No. 06, 2005-Ohio-5616, at ¶ 8, citing *Godinez v. Moran*, 509 U.S. 389, 397, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶10} We begin our analysis by recognizing that the trial court ordered Appellant to undergo a mental examination to determine whether she was competent to stand trial, and to determine whether her NGRI defense was supported.  The competency report noted Appellant's history of bipolar disorder, PTSD, anxiety, and depression, but concluded that Appellant was nevertheless competent to stand trial.  And the report addressing Appellant's NGRI defense found that Appellant "report[ed]" "memory loss" regarding the shooting but it ultimately concluded that she did not suffer memory loss based primarily upon her actions of attempting to avoid arrest after the shooting "and also premeditation." Consequently, the report concluded that Appellant did understand the wrongfulness of her act of shooting her husband.  Assuming the plea colloquy does not show otherwise, we have recognized that a prior determination of competence may be probative in determining whether a defendant's "mental infirmities" keep a defendant from entering a voluntary and knowing plea.  *See State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 42.

{¶11} Moreover, during Appellant's subsequent plea hearing and consistent with its Crim.R. 11 obligation, the trial court personally advised and informed Appellant of all the aforementioned procedural safeguards and constitutional rights, and Appellant responded affirmatively that she understood the constitutional rights she was waiving in pleading guilty. And contrary to Appellant's argument, she also indicated that she understood the nature of the charges, the effect of the plea, and the maximum penalty involved; and that after accepting the plea, the trial court could proceed to sentencing. There were no responses from Appellant indicating her acceptance of the plea was any less than voluntary and knowing, nor did she exhibit either irrational behavior or unusual demeanor at the plea hearing that could suggest otherwise. *See State v. Alvarado*, 4th Dist. Ross No. 14CA3423, 2014-Ohio-5374, ¶ 16. ([P]revious competency evaluations established that although [appellant] experienced depression, he was competent to stand trial, he did not exhibit either irrational behavior or unusual demeanor at the plea and sentencing hearing * * .").

{¶12} In sum, we find that the two mental evaluations together with the trial court's subsequent plea colloquy with Appellant support that her plea was voluntary, knowing and intelligent. Accordingly, we reject Appellant's first argument in support of her first assignment of error that her mental infirmities caused her plea to be less than knowing, intelligent, and voluntary.

{¶13} Appellant also argues that because the trial court was aware that she was taking psychotropic drugs while in jail, it had an obligation to conduct

further inquiry into her mental state, but did not, which rendered her plea

involuntary under *Damon*, 191 F.3d 561.

{¶14} In *Damon*, the appellant was charged with murder.  During his plea

hearing, the appellant informed the trial court that he was taking a drug to treat

depression.  When the trial court asked Appellant if he knew anything about the

drug, defendant's counsel responded:

> Your Honor, all we have for you is the hospital's records with
> regards to treatment. I think there is a name of a medication on
> it, Elantin, or something of that nature. [footnote omitted] And it
> shows—"impaired judgment" is in the notes, as well as other
> things. We can provide these to the Court. *Id.* at 565.

Yet, the trial court never asked any follow up questions about whether the drug

could impair the defendant's ability to enter a "competent and voluntary plea."  *Id.*

at 563.

{¶15} On appeal, the appellant in *Damon* argued that his plea was not

knowing or voluntary because the trial court failed to inquire regarding the effects

of the drug.  The Fourth Circuit Court of Appeals agreed, finding that

> the district court was put on direct notice that [appellant] could be
> under the influence of a drug while entering his plea. [Appellant]
> told the court that he was "currently" under the influence of
> antidepressant medication. His lawyer said he thought the name
> of the drug was Elantin "or something of that nature." The lawyer
> added that "impaired judgment" was listed as a side effect. This
> information should have raised a red flag for the district court as
> to [appellant]'s competence to plead guilty. However, the court
> simply continued with the routine Rule 11 colloquy without
> following up on the drug information or making any further inquiry
> into [appellant]'s mental state or the possibility that his judgment
> could be impaired.

*Id.* at 565.

Consequently, the court of appeals remanded the cause to the trial court "for a determination of whether [the appellant's] medication had the capability to affect his mental faculties sufficiently to render him incompetent to enter a guilty plea." *Id.* at 566. Concluding that "[i]f [appellant's] medication did not have the capability of undermining the validity of his guilty plea, the plea may stand. Otherwise, it should be vacated. *Id.*

{¶16} We begin our analysis by reiterating that prior to her plea hearing, Appellant was found to be competent, and where a defendant's competence is not otherwise an issue, a "trial court may not find a defendant incompetent to stand trial solely because he/she is receiving or has received psychotropic drugs or other medication." *State v. Shepherd*, 3rd Wyandot No. 16-09-03, 2009-Ohio-3317, ¶ 8, citing R.C. 2945.37(G), (F). Moreover, even assuming that Appellant was still taking psychotropic drugs at the time of her plea hearing, her case is distinguishable from *Damon*. Unlike in *Damon*, Appellant had a competency evaluation that noted she was on psychotropic drugs, and still recommended that she was competent to stand trial, which the trial court adopted. Therefore, unlike in *Damon,* where there was no determination prior to appellant's plea by anyone regarding the effect of the psychotropic drugs that he was taking, in the instant case the trial court could "reasonably assume" based on Appellant's mental reports that the psychotropic drugs that Appellant was taking did not cause her to be incompetent. *State v. Mink*, 101 Ohio St. 3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 68.

{¶17} Further, at Appellant's plea hearing, the trial court asked Appellant if she was "presently under the influence of any drugs, alcohol, or any other mind altering substance as you sit here today that may affect your ability to understand my questions or your ability to uh, formulate a response thereto?"  The Appellant responded: "No."

{¶18} And, finally, similar to our analysis regarding Appellant's first argument, there were no unusual answers or responses from Appellant during her plea hearing that would suggest that she was impaired by any psychotropic drugs that she may have been taking. *See State v. Tinney*, 5th Dist. Richland No. 2011 CA 41, 2012-Ohio-72, ¶ 30. ("There was no indication [during the plea proceedings] by defendant or by his conduct that he was in any way impaired by psychotropic drugs. He was lucid, oriented as to time and place[,] and his conduct and demeanor gave no indication that his plea was other than voluntary.").

{¶19} Therefore, we reject Appellant's argument that the trial court's failure to further inquire into the effects of any psychotropic drugs that Appellant may have taken during her plea hearing rendered her plea to be less than knowing, voluntary, and intelligent.

{¶20} Having rejected both of Appellant's arguments, we overrule her first assignment of error that her plea was not knowing or voluntary.

## ASSIGNMENT OF ERROR II

{¶21} In her second assignment of error, Appellant argues that she was denied effective assistance of counsel because her counsel advised her to plead

guilty to aggravated murder.  Appellant argues that at minimum her counsel had an obligation to alert the trial court that her client was on "medication for serious mental health issues."  She further argues that the record shows that she was "steadfast" in her refusal to plea bargain.

Finally, she argues the fact that her counsel waived a presentence investigation ("PSI"), provided no evidence of mitigation, and did not prepare Appellant for sentencing, was evidence that her counsel was ineffective.

**{¶22}** In response, the State argues that the record is totally devoid of anything that would support that her counsel was ineffective.  In response to Appellant's argument that her attorney waived a PSI, failed to present mitigating evidence, and did not prepare Appellant for sentencing, the State argues these issues are not evidence that her counsel was ineffective because the parties reached a plea agreement in which the State agreed to and recommended a minimum sentence in return for Appellant pleading guilty.

**{¶23}** "To prevail on an ineffective assistance claim, a defendant must show: '(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different.' "  *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 28, quoting *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113.  Failure to either prong of this test "is fatal to the claim." *Id*, citing *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶24} "The defendant 'has the burden of proof because in Ohio, a properly licensed attorney is presumed competent.' " *State v. Moore*, 4th Dist. Lawrence No. 19CA13, 2020-Ohio-4321, ¶ 18, 158 N.E.3d 111, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62.  This court " 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." ' " *Id.*, quoting *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.E. 83 (1955).

{¶25} Appellant argues that her counsel was ineffective because she failed to inform the trial court of any medications Appellant was taking at the time of the plea.  Having rejected Appellant's argument that psychotropic drugs may have invalidated her plea, her use of that argument to support her ineffective assistance of counsel claim also fails.

{¶26} Appellant pleaded guilty in return for a recommended, lesser sentence (life with possibility of parole after 23 years) than she could have received had she gone to trial (life sentence without the possibility of parole). Consequently, Appellant's counsel's failure to request a PSI, prepare for sentencing, and present mitigating evidence was not deficient representation as these actions were unnecessary in light of the plea offered.

{¶27} Finally, Appellant alleges that prior to her plea she had steadfastly opposed to a plea, thereby implying that her counsel was somehow ineffective when she accepted the plea on the day of trial.  "The pressure of an imminently

impending trial is one of the ordinary hazards to which criminal defendants, and, for that matter, all litigants, are regularly exposed," *State v. Minter*, 2nd Dist. Clark No. 2004-CA-7, 2005-Ohio-307, ¶ 13.  Consequently, a feeling of "pressure" upon a defendant "is an inevitable consequence of plea bargaining on the courthouse steps."  We find no evidence in the record that Appellant's decision to plead guilty at trial was anything other than the inherent pressure of a trial.  Therefore, we find no evidence Appellant's counsel performed deficiently in accepting the plea bargain at trial on Appellant's behalf.

{¶28} Accordingly, we overrule Appellant's second assignment of error.

CONCLUSION

{¶29} Having overruled both of Appellant's assignments of error, we affirm the trial court's judgment entry of conviction.

**JUDGMENT AFFIRMED**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**