[Cite as *State v. Edwards*, 2022-Ohio-1725.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 21CA3953 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| RODNEY EDWARDS, | : | |
| | : | |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Christopher R. Bucio, Bradley and Associates, Dayton, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, Jay S. Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

Smith, P.J.

{¶1} Rodney Edwards appeals the judgment entry of the Scioto County Court of Common Pleas filed June 4, 2021. Mr. Edwards, "Appellant," entered a guilty plea to Aggravated Trafficking in Drugs, R.C. 2925.03(A)(2)/2925.03(C)(1)(f), a felony of the first degree. On appeal, Appellant argues that he was prevented from making a knowing and intelligent plea due his trial counsel's ineffectiveness by counsel's failing to communicate with Appellant and by counsel's failing to advise Appellant of his options. However, upon review

of the record, we find no merit to Appellant's assignment of error. Accordingly,

we overrule the sole assignment of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On June 24, 2020, along with two other individuals, Appellant was

indicted on these ten counts:

1) Trafficking in Cocaine, R.C. 2925.03(A)(2), R.C. 2925.03(C)(4)(g); Specification to Count One: Major Drug Offender, R.C. 2941.1410(A);[1]

2) Possession of Cocaine, R.C. 2925.11(A), R.C. 2925.11(C)(4)(f);

3) Trafficking in Heroin, R.C. 2925.03(A)(2), R.C. 2925.03(C)(6)(g);

4) Possession of Heroin, R.C. 2925.11(A), R.C. 2925.11(C)(6)(f);

5) Trafficking in a Fentanyl-Related Compound, R.C. 2925,.03(A)(2), R.C. 2925.03(C)(9)(e);

6) Possession of a Fentanyl-Related Compound, R.C. 2925.11(A), R.C. 2925.11(C)(11)(d);

7) Aggravated Trafficking in Drugs, R.C. 2925.03(A)(1), R.C. 2925.03(C)(1)(a);

8) Aggravated Possession of Drugs, R.C.2925.11(A), R.C. 2925.11(C)(1)(a);

9) Possessing Criminal Tools, R.C. 2923.24(A), R.C. 2923.224(C);

10) Possessing Criminal Tools, R.C. 2923.24(A), R.C. 2923.24(C).

{¶3} On July 1, 2020, Attorney Matthew Loesch filed a notice of appearance

---

[1]Counts two, three, and four also contained Major Drug Offender specifications pursuant to R.C.2941.1410(A).

as counsel for Appellant.  Attorney Loesch also filed a request for discovery.  On July 17, 2020, Appellant appeared with Attorney Loesch for arraignment, entering not guilty pleas on all counts.  On August 14, 2020, Appellant, through Attorney Loesch, filed a waiver of speedy trial time.

{¶4} On October 5, 2020, a superseding indictment was filed containing the previous counts and the following additional counts:

(10) Possessing Criminal Tools, R.C. 2923.24(A), R.C. 2923.24(C);

(11) Possessing Criminal Tools, R.C.2923.24(A), R.C. 2923.24(C).

{¶5} Attorney Loesch subsequently appeared with Appellant at his arraignment on the superceding indictment, again entering not guilty pleas on all counts.

{¶6} On January 12, 2021, Attorney Loesch filed a notice of withdrawal indicating he had accepted new employment which would cause a conflict in Appellant's case.  On January 13, 2021, Attorney Luke Brazinski filed a notice of appearance.  On March 1, 2021, Attorney Brazinski filed a motion to suppress. The record indicates the motion to suppress was scheduled for hearing on May 28, 2021.

{¶7} However, instead of proceeding with the suppression hearing on May 28, 2021, Appellant pled guilty to one count of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2)/2925.03(C)(1)(f), with a Major Drug Offender

specification (MDO).  Appellant was sentenced to a mandatory minimum sentence of 11 years to 16 and one-half years maximum in the Ohio Department of Rehabilitation and Corrections, to be followed by a mandatory 5 years of postrelease control.  This sentence was ordered to be served consecutively to a prison sentence Appellant was already serving, imposed by the Jackson County Court of Common Pleas.

{¶8} This timely appeal followed.  Where relevant below, we cite to the transcript of the plea/sentencing hearing for additional facts.

## ASSIGNMENT OF ERROR

I.      APPELLANT PLEADS THAT HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO COMMUNICATE WITH APPELLANT REGARDING HIS CASE, AND FAILING TO ADEQUATELY ADVISE HIM OF HIS OPTIONS, PREVENTING HIM FROM MAKING A KNOWING AND INTELLIGENT PLEA UNDER THE OHIO RULES OF CRIMINAL PROCEDURE 11(C)(2)(A).

## STANDARD OF REVIEW

{¶9} "To prevail on an ineffective assistance claim, a defendant must show:  '(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different.' "  *See State v. Adkins,* 4th Dist. Lawrence No.

20CA3, 2021-Ohio-711, at ¶ 23; *State v. Conant,* 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 28, quoting *State v. Short,* 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113.  Failure to either prong of this test "is fatal to the claim."  *Id.,* citing *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052 (1984).

{¶10} "The defendant 'has the burden of proof because in Ohio, a properly licensed attorney is presumed competent.' "  *See Adkins, supra,* at ¶ 24; *State v. Moore,* 4th Dist. Lawrence No. 19CA13, 2020-Ohio-4321, ¶ 18, 158 N.E.3d 111, quoting *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62.  This court " 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." ' "  *Id*., quoting *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

## LEGAL ANALYSIS

{¶11} Appellant's ineffective assistance claim is two-fold.  Appellant contends that his plea was not knowingly and intelligently made because his trial counsel was ineffective for 1) failing to communicate with Appellant regarding his case, and 2) failing to adequately advise Appellant of his

options.  Appellant supports his claim with an affidavit of Santana Faulk,

attached to his appellate brief.  Before we may consider whether Appellant's

claim of deficient representation has merit, we must consider whether or not

his plea was knowing and intelligent.

{¶12} " 'Generally, a guilty plea waives all appealable errors that may

have occurred in the trial court, unless the errors precluded the defendant

from knowingly, intelligently, and voluntarily entering a guilty plea.' "

*State v. Spangler,* 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, at ¶ 17,

quoting *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶

26; *State v. Wheeler*, 4th Dist. Highland No. 15CA21, 2016-Ohio-5503, ¶ 5

("Generally, a guilty plea waives most appealable errors, except, for

example, that a plea was not knowing, intelligent and voluntary").

{¶13} " 'A defendant who enters a plea in a criminal case must act

knowingly, intelligently, and voluntarily.  Failure on any of those points renders

enforcement of the plea unconstitutional under both the United States Constitution

and the Ohio Constitution.' " *Adkins, supra,* at ¶ 6, quoting *State v. Smith,* 4th

Dist. Ross No. 19CA3680, 2019-Ohio-4115, ¶ 7, citing *State v. Veney*, 120 Ohio

St. 3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7.  " 'In determining whether a

guilty * * * plea was entered knowingly, intelligently, and voluntarily, an appellate

court examines the totality of the circumstances through a de novo review of the

record to ensure that the trial court complied with constitutional and procedural safeguards.' " *Adkins, supra,* quoting *State v. Willison,* 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11, citing *State v. Cooper,* 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

{¶14} The procedural safeguards require the trial court to ensure the defendant's plea is voluntary, including that he or she understands the nature of the charges, the effect of the plea, the maximum penalty possible, that the defendant is not eligible for probation or for the imposition of community control sanctions at hearing (if applicable), the effect of the plea, and that after accepting the plea the trial court may proceed to sentencing. *See Adkins, supra,* at ¶ 7; *Smith* at ¶ 8, citing Crim.R. 11(C)(2)(a) and (b). "Substantial compliance with Crim.R. 11(C)(2)(a) and (b) is sufficient for a valid plea because they do not involve constitutional rights." *Id.,* citing *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14.

{¶15} A trial court must also inform the defendant of the constitutional rights that he or she is waiving by pleading guilty, including the right to a jury trial, to confront witnesses, to compel witnesses to appear, to require the State to prove their guilt beyond a reasonable doubt, and the right against self-incrimination. *See Adkins, supra,* at ¶ 8, citing *Veney, supra,* citing Crim.R. 11(C)(2)(c). However,

"[S]trict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved." *Id.*

{¶16} To determine the knowing and intelligent nature of Appellant's guilty plea, we look first to the May 28, 2021 Plea and Sentencing Hearing transcript. The trial court addressed the parties as follows:

> This matter was set for Suppression and it's my understanding that the parties have discussed this matter and that an agreement has been reached. I am going to try and give you the recitation of what the agreement is and if I am wrong then just tell me. It's my understanding that Mr. Edwards is going to enter a plea to Count 1 of the indictment and when we refer to the indictment we are referring to a supplemental indictment filed I think in October and that would be Aggravated Trafficking in Drugs a Felony of the 1st degree in violation of 2903(A)(2)/(C)(1)(f) [sic] of the Revised Code. It's my understanding the agreement would be to take off the MDO specification for a sentence of 11 years. Under Ohio's new indefinite sentencing law that would be a mandatory minimum sentence of 11 years and a maximum of 16 and a half and that time would be run consecutive to the time he is serving now out of Jackson County?

Mr. Brazinski:    Yes, Your Honor.

The Court:    Mr. Edwards, is that what you want to do?

Defendant:    Yes, Your Honor.

                \* \* \*

The Court:    Okay. Now I have got to go over some forms with you today, one is a maximum penalty form and the second is a waiver. If you have any questions or

you don't understand something, stop me and I will be happy to answer any questions you might have. Mr. Edwards, do you withdraw your Motion to Suppress at this time which is why we were here? You've got a motion filed but we are going to change our plea, do you withdraw that Motion to Suppress?

Mr. Brazinski:      Yes, Your Honor.

* * *

The Court:          All right. Mr. Edwards, you're pleading today to Count 1, a charge of Aggravated Trafficking in Drugs, a felony of the 1st degree. It is a MDO?

Ms. Hutchinson:     Yes.

The Court:          It has an MDO Specification which would require that I sentence you to a mandatory period of incarceration of 11 years. In addition, the indefinite sentencing would come into play for 16 ½ years max. But you understand that? And that's what the agreement was for 11 years.

Defendant:          Yes.

The Court:          Okay. In addition, I can impose court cost, order restitution or impose other financial sanctions which are probation fees. Do you have any questions so far?

Defendant:          No.

* * *

The Court:          And Mr. Edwards are you [currently on felony probation or parole?

Defendant:          No.

{¶17} At this point, the trial court explained postrelease control and Appellant indicated affirmatively that he understood the court's explanation.

* * *

The Court:        Okay. All right. Mr. Edwards, do you have any questions about anything we have talked about this far?

Defendant:        No sir.

* * *

The Court:        All right. Second form we have is a waiver where you are giving up constitutional rights today. The form reads as follows, I, and then your name, defendant in the above cause, and a citizen of the United States, having been advised by my counsel and by the Court of the charges against me, the penalties provided by law, and in my rights under the Constitution, hereby waive reading of the indictment, and understand that I have and then we will talk about four constitutional rights.

* * *

The Court:        Mr. Edwards, do you waive reading of the indictment today?

Defendant:        Yes.

The Court:        Do you have any questions about the count that you're entering a plea to?

Defendant:        No, sir.

* * *

| | |
|---|---|
| The Court: | All right. Number one is the right to trial with representation by counsel. You each have a right to a jury trial in this case. Mr. Edwards, do you waive your right to a jury trial? |
| Defendant: | Yes. |
| The Court: | Yes? |
| Defendant: | Yes. |
| Mr. Brazinski: | Yes, Your Honor. |

* * *

| | |
|---|---|
| The Court: | Mr. Edwards, you are represented today by Mr. Brazinski, are you satisfied with his representation? |
| Defendant: | Yes. |

* * *

| | |
|---|---|
| The Court: | All right. Number two is the right to confront witnesses against you which means you have a right to sit here at trial, to see who the witnesses are, to hear what they have to say and you through your attorneys can cross examine those witnesses. * * * Mr. Edwards, do you waive that right? |
| Defendant: | Yes. |

* * *

| | |
|---|---|
| The Court: | Number three is the right to compulsory process to obtain witnesses on your behalf, it's what we call subpoena power. You each have a right to subpoena witnesses in here to testify on your behalf at trial. Mr. Edwards, do you waive that right? |
| Defendant: | Yes. |

*  *  *

The Court:      Number four is the right to require the State to prove your guilt beyond a reasonable doubt at trial in which you cannot be compelled to testify against yourself and that's two parts. The first part is no one can force you to take the witness stand and make you testify against yourself. * * *And Mr. Edwards do you understand that right?

Defendant:      Yes, sir.

The Court:      The second part of that is that this is a criminal case and the State of Ohio has the burden of proof and they must prove the case against you beyond a reasonable doubt. * * * And Mr. Edwards do you waive that right?

Defendant:      Yes.

The Court:      Form goes on to say fully understanding these rights guaranteed me by the Constitution, I hereby waive them in writing. I withdraw my former plea of not guilty and enter a plea of guilty to and your forms are somewhat different. Mr. Edwards, you are entering a plea to Count 1. * * * It's a Charge of Aggravated Trafficking in Drugs a Felony of the 1st degree with a MDO Specification. Do you understand that?

Defendant:      Yes.

*  *  *

The Court:      Next sentence says no promises, threats or inducements have been made to me by anyone to secure my plea of guilty. So, my question * * * will be is has anyone promised you anything, threatened you or made any inducements to you whatsoever

which has caused you to come in here, waive your constitutional rights and enter a plea other than what I have put here on the record today? Mr. Edwards?

Defendant:      No.

\* \* \*

The Court:      Record should reflect that \* \* \* Mr. Edwards [has] signed the waiver and maximum penalty forms. I find today that all three have been advised of the maximum penalties, the concepts of postrelease control, community control and find that they understand those concepts. I further find today that they have been advised of their Constitutional rights, that they understand hose rights and they have waived them today both orally and in writing we are not ready to proceed with plea. Let me ask one last time. \* \* \* Mr. Edwards, do you have any questions before we enter a plea? All right. Mr. Edwards can you please stand? Rodney Edwards in case number 20-CR-371(C), how do you plead to Count 1 of the indictment a charge of Aggravated Trafficking in Drugs a Felony of the First degree with the major drug offender specification which will require pursuant to law and by agreement today a Mandatory sentence of 11 years?

Defendant:      Yes.

The Court:      How do you plead?

Defendant:      I plead guilty.

The Court:      Court will accept a plea of guilty to Count 1, Aggravated Trafficking in Drugs a Felony of the 1st degree with a MDO specification. Does the defense at this time waive statement of facts and um stipulate to the elements of the charge?

Mr. Brazinski:          We do, Your Honor.

                        * * *

The Court:              Based upon that I will then make a finding of guilty then for the record. Mr. Brazinski is there anything you would like to say on behalf of your client before I impose sentence?

Mr. Brazinski:          Mr. Edwards has always been straightforward about this. Your Honor, and he is here to take responsibility.

                        * * *

The Court:              Okay. Anything you would like to say?

Defendant:              I am sorry I guess (inaudible) let everybody (inaudible) especially my son.

                        * * *

The Court:              Okay. Rodney Edwards, in case number 20-CR-371(C) it is going to be the sentence of this Court that you be assessed no fine but be ordered to pay cost of prosecution. That you be sentenced to 11 years- a minimum sentence of 11 years in the custody of the Ohio Department of Rehabilitation and Corrections. That 11 years by law is a mandatory sentence. Under Ohio's new indefinite sentencing, Reagan Tokes Law, you have then a maximum sentence of 16 and one half years. So the sentence is 11 years to 16 and a half years, 11 of which will be mandatory. Remind you also of the mandatory postrelease control when you get out. Give you credit for 26 days that you previously served and I am going to order that this time run consecutive to the time that your care [sic] currently serving in Jackson County - out of Jackson County.

> Do you have any questions? All right. Good luck
> to you.

{¶18} Furthermore, the trial court record reflects Appellant and his attorney signed a Statement of Maximum Penalty, certifying that the charges were explained to him in open court and that he understood the penalty provided by law. This document is dated June 4, 2021. There is also a Waiver of Rights signed by Appellant and dated June 4, 2021. This form states in pertinent part:

> No promises, threats or inducements have been made to me by anyone to secure my plea of guilty. Further, my waiver of these rights is knowingly, voluntarily, and intelligently made.

{¶19} As is obvious from the hearing transcript, the trial court complied with Crim.R. 11(C)(2)(a) and (b) when it explained the nature of Appellant's charges, the effect of any plea, the maximum penalties possible, and all associated dictates of the rule, and when it determined that Appellant understood the court's explanation. Furthermore, the trial court strictly complied with the mandates of Crim.R. 11(C)(2)(c) when it explained the constitutional rights Appellant would be waiving if he proceeded to change his not guilty plea to guilty. We would further emphasize that the trial court gave Appellant four opportunities to ask questions before he entered and the court accepted his guilty plea. Additionally, the trial court specifically asked Appellant if he was satisfied with his attorney's

representation.  Appellant raised no issues.  Based on the foregoing, we find

Appellant's guilty plea was given knowingly and intelligently.

{¶20} In support of Appellant's assignment of error, Appellant attached to

his brief the Affidavit of Santana Faulk, his girlfriend.  Ms. Faulk's affidavit avers:

1. Appellant was advised that Attorney Loesch had worked out a "package deal," so that his sentences from both counties would run concurrently;

2. Loesch failed to apprise Appellant that with a MDO, there was the potential of the sentences running consecutively;

3. During the Scioto County trial court proceedings, communication between Appellant and Attorney Loesch became "nonexistent";

4. Appellant eventually learned that Attorney Loesch was leaving private practice to take a job as a prosecutor;

5. It was only after this that Attorney Loesch returned phone calls and confirmed the job change;

6. Loesch told Appellant that he would find another attorney to take Appellant's case rather than advising Appellant that he could choose a replacement;

7. Loesch chose Attorney Luke Brazinski;

8. Communication between Appellant and Attorney Brazinski was also nonexistent until two days before a May 28th scheduled suppression hearing;

9. Attorney Brazinski made no effort to apprise Appellant of his options, likely outcomes, or potential defenses;

      10. During the May 28th hearing, Attorney Brazinski made no attempt to advocate for Appellant by challenging the plea offer or challenging the short amount of time Appellant was given to consider the offer; and

      11. Appellant accepted the plea under pressure and with little advice from Attorney Brazinski.

{¶21} We note that the final averment is in direct contrast to Appellant's responses to the trial court regarding his counsel and also contrary to the form he signed which indicated there were no inducements to him entering his plea. More important, however, is that Appellant improperly relies on Faulk's affidavit, evidence that is outside of the record, to support his argument of ineffective assistance. "In these types of cases, postconviction relief—not direct appeal—is the appropriate method to seek relief based on a claim of ineffective assistance." *State v. White,* 4th Dist. Hocking No. 18CA2, 2018-Ohio-4104, at ¶ 30. *See State v. Williams,* 4th Dist. Jackson No. 15CA3, 2016-Ohio-733, ¶ 37, citing *State v. Hampton,* 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4171, ¶ 28 (petition for postconviction relief is the proper vehicle to raise a claim of ineffective assistance of counsel that relies upon evidence outside the record). Consequently, we are not able to consider the Faulk affidavit.

{¶22} Finally, we note that assuming for argument that Attorney Brazinski somehow failed to explain Appellant was subject to consecutive sentencing, the trial court explained consecutive sentencing to Appellant as part of the plea

agreement at the beginning of the colloquy. The trial court immediately thereafter specifically asked Appellant if that is what he wished to do, to which Appellant responded affirmatively. Appellant did not dispute consecutive sentencing as part of the plea agreement.

{¶23} In addition to giving Appellant four opportunities to ask questions before actually entering his plea, the trial court specifically asked Appellant if he was satisfied with his attorney's legal representation. Despite allegedly being blindsided by the possibility of consecutive sentencing at the beginning of the hearing, Appellant voiced no concerns about his legal counsel. Furthermore, Appellant certified that he was not given inducements for his plea.

{¶24} Given our finding that Appellant's guilty plea was knowing and intelligent, we do not find trial counsel's performance to be deficient. Therefore, we need not consider the second prong of the ineffective assistance analysis. We conclude that Appellant's sole assignment of error alleging ineffective assistance of counsel is without merit. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith,
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**